# CHARLESTON.

### SHORE *v.* LAWRENCE *et al.*

Submitted January 25, 1910.    Decided November 22, 1910.

1. GUARANTY—*Pleading—Declaration.*

   Special counts in a declaration in *assumpsit,* charging a debtor and a guarantor of the debt jointly, are bad on demurrer.

2. PRINCIPAL AND SURETY—*Guaranty—Nature of Liability.*

   The following clause in a lease, executed by the lessor, lessee and a third party: "And the said party of the third part, for and in considerations deemed valuable to him hereby agrees that in case of the failure of the party of the second part to pay the rental in accordance with the terms of this agreement that he, the said party of the third part will pay the same," imposes a separate, collateral and conditional obligation, constituting only a guaranty, and such third party cannot be held to liability as a surety.

3. GUARANTY—*Construction—Default of Lessee.*

   Another clause in the lease, saying: "It is agreed by the

parties hereto" that, in case of default, the lessor may re-enter and the whole amount of the rent shall become due and payable, must be read in harmony with the express terms of the clause, pertaining· to and determining the character of the liability of such third party, even though it should make him liable for the whole amount of the rent, in case of default.

Error to Circuit Court, Kanawha County.

Action by B. Shore against A. C. Lawrence and others. Judgment for plaintiff, and defendants bring error.

*Reversed and Remanded.*

*J. W. Kennedy* and *Morgan Owen,* for plaintiffs in error.

*Avis & Hardy,* for defendant in error.

POFFENBARGER, JUDGE:

B. Shore sued the Clark Liquor Company, a corporation, and A. C. Lawrence in *assumpsit,* to recover rents due him under two separate and distinct leases, covering two different pieces of property, but alike in all other material respects. The declaration contains the common counts and a special count upon each of the leases. Having overruled a demurrer to the declaration and each count thereof, the court, trying the case in lieu of a jury, rendered a judgment for the sum of $1,200.00. On the writ of error, awarded to the defendants, the controlling question is the propriety of the ruling of the court upon the demurrer, it being contended, on the one hand, that Lawrence is a surety and can be sued jointly with the principal debtor, the Clark Liquor Company, and, on the other, that he is a guarantor and cannot be sued jointly with said company.

In the leases Shore is described as party of the first part, the Clark Liquor Company as party of the second part and A. C. Lawrence as party of the third part. Shore leases, demises and lets the property to the Clark Liquor Company, in consideration of its agreement to pay, in each instance, the sum of $783.33, in monthly installments of $25.00. Another provision gives the lessor right of re-entry and makes the whole amount of rent fall due immediately, on default of the payment of any installment. This provision is introduced by the clause "It is agreed by the parties hereto." Other provisions say the party of the first part demises and leases and the party

68 W. Va.

of the second part covenants and agrees to pay, etc. Unless the words "It is agreed by the parties hereto", above referred to, include Lawrence, the following clause is the only one that imposes any obligation upon him in express terms: "And the said party of the third part, for and in considerations deemed valuable · to him hereby agrees that in case of failure of the party of the second part to pay the rental in accordance with the terms of this agreement that he, the said party of the third part will pay the same."

Though Lawrence is a party to the leases and the default clauses thereof may include him by the use of the terms "the parties hereto" it is nevertheless clear that his agreement to pay is collateral and conditional. It is not a primary undertaking. He did not join in those portions of the leases which imposed a primary obligation to pay the rent. His agreement was to pay in case the Clark Liquor Company should fail to do so. Although contained in the same instrument as the agreement with the Clark Liquor Company, his contract with Shore is separate and distinct in character and altogether different in its terms. If the contract, properly construed, makes the whole amount due, on default in respect to an installment, so as make Lawrence liable to that extent, a question we do not decide, this clause must nevertheless be read in harmony with the terms of the one, disclosing the conditional and collateral character of his liability. These terms cannot be enlarged by mere inference or unnecessary implication. We are clearly of the opinion that he is a guarantor and not a surety. This view seems to conflict with the decision in *McLott et al* v. *Savery et al,* 11 Ia. 323, but the opinion in that case refers to no legal principle or precedent to sustain the decision. Other cases, relied upon by the defendant in error, are *Allen* v. *Hubert,* 49 Pa. 259, and *Scott* v. *Swain,* 8 Atl. Rep. 24, but, in each of the contracts involved in those cases, the third party, binding himself to pay the rent in case of default, described himself as surety. In the first, he said "I hereby agree to become security for the faithful performance of the above agreement." In the other he agreed "to become surety for the faithful performance of all or any of the conditions" to be kept, done and performed on, the part of the lessee and "to be liable therefor to the lessor as fully, to all intents and purposes", as if he were the lessee.

Tested by the terms of these undertakings, they were *prima facie* suretyships. Here we have no such description. Lawrence gives himself no status or character by descriptive terms. He simply makes a conditional and collateral agreement, defined in the law as a guaranty. Our conclusion is sustained by *Virden* v. *Ellsworth,* 15 Ind. 144, which, in view of the distinctions we have marked, seems not to be in conflict with the decisions, relied upon for the defendant in error, except the unsatisfactory one, cited in 11 Iowa. As the contracts of Lawrence and the Clark Liquor Company were separate and distinct and not joint, they could not be joined as defendants, in respect to the liability imposed in the leases, and the demurrer to the two special counts should have been sustained.

For the reasons stated, the judgment will be reversed, the finding of the court set aside, the demurrer sustained, as to said two special counts, and the case remanded.

*Reversed and Remanded.*