# CHARLESTON.

### SHORE v. LAWRENCE.

Submitted April 18, 1917.    Decided May 15, 1917.

GUARANTY—*Construction of Contract—Action by Holder—Notice—Remedies Against Principal Debtor.*

Where a party signs a contract agreeing, for a consideration deemed valuable to him, in case of the default of the principal debtor in the payment of the obligation of his contract, to pay the same, which obligation is certain and definite as to the amount to be paid, and the time of such payment, such contract is one of absolute guaranty, and upon the default of the principal debtor the holder of such guaranty ·need not give notice thereof to such guarantor, and may institute and prosecute a suit against the guarantor without first exhausting his remedy against the principal debtor, and without showing that a suit against him would be unavailing because of insolvency, or for any other reason.

Error to Circuit Court, Kanawha County.

Suit by B. Shore against A. C. Lawrence. Judgment for defendant, and plaintiff brings error.

*Reversed, verdict set aside, new trial granted.*

*Cato & Bledsoe,* for plaintiff in errror.

*F. C. Pifer,* for defendant in error.

RITZ, JUDGE:

On the 20th of September, 1907, the plaintiff leased to the Clark Liquor Company, a corporation, two certain parcels of land and the buildings thereon, situate in Kanawha County, West Virginia. The contracts of lease in both cases were in writing and are exact counterparts except as to the description of the premises. These leases provide for the payment at a certain time of a stipulated sum for the rental of the properties for the term for which they were leased. The defendant A. C. Lawrence is a party to these written contracts, and is called therein the party of the third part. The only reference in the said contracts to the said Lawrence, and the only obligation placed upon him thereunder, is contained in the following language: "And the said party of the third part, for considerations deemed valuable to him, agrees that in case of failure of the party of the second part to pay the rental in accordance with the terms of this agreement that he, the said party of the third part, will pay the same." It is shown that the leased premises were turned over to the Clark Liquor Company under the terms of the lease, that this company occupied them during said term, and that a part of the rent remains unpaid. This suit was thereupon brought against the defendant A. C. Lawrence to recover, under the provision of the contracts above quoted, this unpaid rent.

Upon the trial in the court below, in addition to showing the above facts, it was proved that the lessee, the Clark Liquor Company, in a very short time after the expiration of said leases, was dissolved and its assets immediately distributed to its stockholders. The circuit court directed a verdict for the defendant and entered judgment accordingly.

The solution of the question involved here requires a construction of the defendant's contract of guaranty. It will be observed that the obligation of this contract on the part of the defendant was to pay the rental provided to be paid by the contract in case the party of the second part failed to pay the same. There is no other condition annexed to the contract. The amount of the rental and the time at which it was

to be paid are fixed by the contract. There is nothing indefinite or uncertain, either as to the extent of the obligation, or the time at which the same is to be performed. The only condition which the defendant Lawrence wrote into his contract which should be fulfilled before he would be required to pay the amount of rent provided to be paid, was that the Clark Liquor Company should fail to pay in accordance with its promises. It is shown that it has done this. It has been very uniformily held, and the holdings seem to have the support of common sense, that where one absolutely guarantees the payment of money to another, the amount of which payment is certain and definite, and the time of payment likewise determined, his contract of guaranty is absolute, but where it depends on some contingency, or where the amount is uncertain, or where the time of payment is to be determined by the happening of some future event, or where there is some other element of uncertainty or indefiniteness, the contract of guaranty is ordinarily held to be conditional. Brandt on Suretyship & Guaranty, §116; 12 Ruling Case Law, 1089; 20 Cyc. 1450. In Stearns on Suretyship, at §61, it is said: "If the liability of the promisor is fixed by the mere default of the principal it is an absolute guaranty but if the promisor's liability depends upon any other event than the nonperformance of the principal it is a conditional guaranty."

The question involved here is concluded, however, by the case of *Loverin & Browne Co.* v. *Bumgarner*, 59 W. Va. 46. In that case the defendant had guaranteed to the plaintiff that the purchaser would pay within ten days after receiving goods for all shipments made to him within the limit of five hundred dollars. This was held to constitute an absolute contract of guaranty, and did not require that the plaintiff should first exhaust its remedies against the party to whom it sold the goods, or show that a suit against him would be unavailing before proceeding by a suit against the guarantor. The obligation in the case at bar is much more definite than in the case cited. In that case it will be noticed that the exact amount of the liability was not fixed in the writing, but only a maximum limit fixed therein. Neither was the time of payment fixed, except that the goods were to be paid for

496 Shore v. Lawrence. [May 1917.

within ten days after delivery. In this case, both of these elements were fixed with absolute certainty at the time Lawrence signed the contract. The obligation undertaken by Lawrence being clear, explicit, certain and unequivocal, this court will not read into it conditions which the language used by the parties does not imply. To do so would be to place upon the parties obligations which they did not undertake. It would be to write for them a contract different from that which they made. That such an undertaking as this is an absolute contract of guaranty upon which a suit can be maintained against the guarantor upon default by the principal debtor without first resorting to the legal remedies provided against such principal debtor, or showing that the same would be unavailing, and without giving notice of such default to such guarantor, is fully sustained by the authorities. *Loverin & Browne Co.* v. *Bumgarner,* 59 W. Va. 46; *Taussig* v. *Reid,* 145 Ill. 488, 36 Am. St. Rep. 504; *Wright* v. *Griffith,* 121 Ind. 478; *Machine Co.* v. *Browning,* 68 S. C. 1; *Bank* v. *Sinclair,* 60 N. H. 100; *Baker* v. *Kelly,* 41 Miss. 696; *Fegley* v. *Jennings,* 44 Florida 203, 32 South. 873, 103 Am. St. Rep. 142; *Pfaelzer* v. *Kau,* 207 Ill. 116; *Roberts* v. *Hawkins,* 70 Mich. 566; *Garland* v. *Gaines,* 73 Conn. 662; 20 Cyc. 1450; 12 R. C. L. 1089; Brandt on Suretyship and Guaranty, §116; Stearns on Suretyship, §61.

Upon the showing made by the plaintiff in this case he was clearly entitled to recover, and the court below erred in directing a verdict for the defendant.

The judgment rendered upon said verdict will be reversed, the verdict set aside, and the cause remanded for a new trial.

*Reversed, verdict set aside, new trial granted.*