# CHARLESTON.

## J. L. WOLFE v. VINTON JORDON AND S. O. CASTO.

Submitted January 24, 1923. Decided February 6, 1923.

1. VENUE—*Assignee Cannot Sue Assignor on His Separate Guaranty in County of His Residence on Process Out of County Where Cause Pending.*

    An agreement by the assignor with the assignee in a written assignment of a chose in action that he, the assignor, "Be-

comes primarily liable for, .guarantees, insures and vouch-
safes for a recovery upon said chose in action for an amount
of at least one hundred dollars, and further becomes surety
for and guarantees the collection of any judgment which may
be recovered upon said chose in action", is a separate, col-
lateral and conditional obligation constituting only a guar-
anty; and such assignee can not, under division 1, sec. 1,
Chap. 123, Code, authorizing the bringing of suit in the county
in which one of the defendant's resides by suing the assignor,
in the county in which he resides and the cause of action arose,
as co-defendant with the primary debtor, have process against
said primary debtor directed to another county wherein he
resides. And where such primary debtor has been served
with process in the county where he resides, but not in the
county wherein the suit is pending, the court should, upon
his plea to the jurisdiction, abate the action as to him.
p. 46).

2.  PLEADING—Plea of Jurisdiction Purporting to be in Proper
    Person Sufficient, Though Signed in Name of Counsel.

    A plea to the jurisdiction, purporting in the body thereof
    to be in proper person and sworn to in person, is sufficient,
    although signed alone in the name of counsel. (p. 45).

3.  SAME—Demurrer to Declaration by One of Two Co-defend-
    ants Against Whom Good Cause of Action Stated Properly
    Overruled.

    Where a declaration filed against two co-defendants sets
    forth a good cause of action against one but not against the
    other, a general demurrer by the former is properly over-
    ruled. (p. 47).

(McGINNIS, JUDGE, absent.)

Error to Circuit Court, Jackson County.

Action by J. L. Wolfe against Vinton Jordon and another.
From a judgment for plaintiff defendants bring error.

*Reversed; judgment for defendants.*

*J. Raymond Gordon, Lewis H. Miller,* and *W. F. Boggess,*
for plaintiffs in error.

*T. J. Sayre,* for defendant in error.

LITZ, JUDGE:

J. L. Wolfe instituted his action in assumpsit in the circuit
court of Jackson County on a cause of action, arising in that

county against S. O. Casto, of Jackson County, and Vinton Jordon, a citizen and resident of Kanawha County. The process was served on the defendant S. O. Casto in Jackson County, and on the defendant Vinton Jordon in Kanawha County.

The original declaration avers that the defendant S. O. Casto sold to the defendant Vinton Jordon 30,100 feet of lumber at the price of fifty dollars per thousand, to be delivered at Ripley, in said Jackson County; that the said S. O. Casto performed his part of the contract by delivering said lumber at the place specified, but that the defendant Vinton Jordon failed and refused to accept and pay for the same, thereby compelling a resale thereof on a falling market by said S. O. Casto at four hundred dollars less than the said contract price; that said S. O. Casto had assigned to the plaintiff the said contract and all right and claim for damages growing out of the breach of the same by the said defendant Jordon.

The defendant Jordon filed a plea in abatement to the jurisdiction of the court, averring that the supposed cause of action accrued in Jackson County, where the defendant Casto resided; that he, the defendant Vinton Jordon, was a resident and citizen of Kanawha County and that the only process on him was served in that county; and that the joining as co-defendant with him of the defendant Casto on the mere ground that the alleged claim set forth in the declaration had been assigned by Casto to the plaintiff, was improper.

To this plea the plaintiff filed a special reply and answer, admitting the material facts set forth therein, but denying that the defendants Casto and Jordon were improperly joined as co-defendants.

The defendant Jordon, after the filing of his plea in abatement, and before decision thereon, demurred to the plaintiff's declaration; whereupon the plaintiff asked leave to amend the declaration by inserting the averment that the defendant S. O. Casto, upon his assignment to the plaintiff of the alleged claim against the defendant Vinton Jordon, agreed to

become primarily liable for, guaranteed, insured, and vouched, a recovery against the defendant Vinton Jordon in favor of the plaintiff on said claim for an amount of at least $100.00, and that the said S. O. Casto became surety for and guaranteed to plaintiff the collection of any judgment which he might recover upon said claim against the defendant Jordon. Upon the amendment being permitted and made, the defendant Vinton Jordon demurred to the declaration as amended, but the demurrer and special plea were overruled.

The jury gave a verdict, upon the trial, for $390.00 in favor of the plaintiff against both the defendants S. O. Casto and Vinton Jordon. After the entry of judgment upon the verdict the defendant Vinton Jordon moved the court to set aside the verdict and award him a new trial, without having objected to the entry of judgment or moved to set aside the same.

The defendant Vinton Jordon assigns as error the overruling of his special plea to the jurisdiction of the court, and demurrer to the amended declaration. Both of these assignments are based upon the ground that the defendant S. O. Casto was improperly joined as co-defendant with the defendant Vinton Jordon. The plaintiff claims the right to serve the defendant Jordon with process in Kanawha County under Division 1, Section 1, Chapter 123 Code.

Noting, first, the plea in abatement filed by the defendant Jordon to the jurisdiction, the plaintiff would uphold the action of the circuit court in overruling this plea on the following grounds:

(1)   The plea was not sufficient in form in that it was signed merely in the name of counsel. Being a personal plea it should have been signed in the name of the defendant Jordon.

The reason usually assigned for the rule that an individual must plead to the jurisdiction in proper person, is that to appear by attorney, who is an officer of the court, would be to admit the jurisdiction of the court. Another reason for the rule is that at an early period in the common law one could appear by attorney only after leave of the court; and that

appearance by the litigant before the court for such leave would amount to a general appearance, from which he could not withdraw. But this reason no longer exists, as a litigant not only may employ counsel without leave of the court, but for the purpose of filing plea to the jurisdiction and other dilatory pleas, required to be filed at Rules, must retain counsel before an opportunity to see the court.

In the case of *Woodell* v. *Improvement Company*, 38 W. Va. 23, Judge HOLT, in this connection, says: "In civil cases generally the practice of appearing in person has long been out of practice, the reason for it having ceased. Long ago he must have asked leave of the court before he could appear by attorney, and when he appeared in person to ask special warrant or leave, as it then had to be, to appear by attorney, by that act he gave the court jurisdiction, and thereafter the plea in abatement would come too late; hence he had to plead in abatement to the jurisdiction in proper person."

The plea here purports in the body thereof to be in proper person and is also sworn to in person. We think this sufficient to render the plea good, although signed alone in the name of counsel, whether or not the rule requiring such plea to be filed in proper person, based upon mere formula, should now stand. The plaintiff by answering without demurring or moving to strike out, also waived the defect.

(2)   The defendant S. O. Casto was a proper co-defendant with Vinton Jordon, on the ground that Casto's undertaking, set forth in the amended declaration, made him a primary debtor jointly liable with Jordon to the plaintiff.

We cannot agree with this view. What was Casto's agreement on assigning to Wolfe his claim against Jordon? He agreed, first, to guarantee a recovery against Jordon for at least one hundred dollars, which required the plaintiff to try out the claim against Jordon, and if the judgment recovered was less than one hundred dollars, he (Casto) would pay Wolfe the difference; and, second, that he (Casto) would pay Wolfe so much of the judgment that Wolfe might be unable to collect. In other words, Casto's limited liability in the first case was dependent upon an ended suit by Wolfe against

Jordon, and his liability in the second case was limited to the amount Wolfe was unable to collect on judgment recovered by him against Jordon, and could not be ascertained until the remedies against Jordon had been exhausted.

The case of *Shore* v. *Lawrence*, 68 W. Va. 220, is controlling on this question. In that case, the defendant Lawrence had joined, as party of the third part, in a lease from Shore to Clark Liquor Company, a corporation, covering two properties. Lawrence agreed that in case of the failure of the lessee to pay the rental in accordance with the terms of the lease, he (Lawrence) would pay the same. It was held that the undertaking of Lawrence was a separate, collateral and conditional obligation, constituting only a guaranty; and that he could not be held to liability as surety, and sued with the primary debtor. Casto, being a mere guarantor, could not be joined as co-defendant with Jordon, the primary debtor. Not only this, but Casto could not by having himself sued as co-defendant with Jordan, deprive Jordon of his right of trial in the county of his residence. Casto not being a proper co-defendant with Jordon, venue in Jackson county cannot be predicated upon Division 1, Section 1, Chapter 123, Code, but must depend solely upon Section 2 of that Chapter; and where venue depends alone on this latter section, Section 2, Chapter 124 forbids the service of process on a defendant other than a corporation without the county where the suit is pending.

(3) The court order shows that the defendant Jordon first demurred to the plaintiff's original declaration and to the same as amended; and that after the overruling of the demurrer, filed his plea in abatement to the jurisdiction of the court. On this assumption of facts, it is argued that the plea was filed too late.

But the court order recitation has no foundation in fact. The record shows that the plea was filed at March Rules, 1921, and the demurrer interposed April 16th, 1921. The defendant Jordon, under Section 20, Chapter 125, Code, could file a demurrer before his special plea was passed upon

without waiving the plea, and the court by choosing to consider the demurrer first could not impose upon said defendant a waiver of his plea. It is true that if the defendant Jordon had proceeded to trial or to the merits of the case before disposition of the special plea, this would have constituted a waiver of the plea. *Houseman* v. *Insurance Company*, 78 W. Va. 567. *Maupin* v. *Insurance Company*, 53 W. Va., 557. 1 C. J. 44. But that is not the case here.

(4) They say, further, that the plea should have been overruled for want of proof. But the answer or reply of the plaintiff admitting the material averments of the plea furnished the necessary proof.

Counsel for Jordon also rely upon the case of *Shore* v. *Lawrence, supra,* in support of their second assignment of error, that the court improperly overruled the demurrer. It is true this court held in that case that the demurrer to the declaration should have been sustained, on the ground that the promise of defendant Lawrence was a separate, collateral and conditional obligation, constituting only a guaranty; yet the demurrer which went to the declaration and to each of the special counts, was interposed by Lawrence, (as well as the primary debtor), who was vitally interested in being dismissed from the action. In the instant case the only defendant demurring is the primary debtor against whom a good cause of action is alleged, and he files merely a general demurrer. If Casto, against whom no cause of action was alleged, had demurred on that ground, the situation would have been different.

The case of *Bolyard* v. *Bolyard*, 79 W. Va. 554, presents the principle involved. In that case it was held that a general demurrer by one of two co-defendants, to a count of the declaration disclosing on its face lack of right of action against him, was properly overruled upon the grounds that a good cause of action had been stated against one of the co-defendants, and that the demurrer filed by the other was general and not limited to him.

"Where the declaration contains but one count, and that count sets out a demand of several matters, which in their nature are divisible, any of which is well claimed, that is sufficient, and a general demurrer to the whole should be overruled." *Clark* v. *Ohio River Ry. Co.*, 34 W. Va. 200.

From what has been said, we think the circuit court properly overruled the demurrer but should have sustained the plea to the jurisdiction filed by the defendant Vinton Jordon.

For the foregoing reasons, we reverse the judgment of the circuit court, set aside the verdict of the jury and abate the action as to the defendant Vinton Jordon.

*Reversed; judgment for defendant.*