# Richmond.

## PRESTON W. IVES, ET AL. v. J. T. WILLIAMS.

### October 1, 1925.

### Absent, Christian, J.

1. GUARANTY—*Guaranty of Promise to FurnishLumber—Absolute Guaranty—Noted.—Case at Bar.*—In the instant case defendant guaranteed the faithful performance of a contract to furnish lumber to build a house. The contract provided for a certain definite and specific act of performance and the performance of that act was guaranteed by defendant without any condition of any character, being annexed to it. Immediately upon the failure of the principal obligor to perform his contract by furnishing the lumber, defendant's liability arose at once and unconditionally, and the creditor was under no obligation to endeavor to collect from the principal obligor or to notify the guarantor of his default.

2. GUARANTY—*Absolute Guaranty—Conditional Guaranty—Guarantee of Performance of Payment.*—Guaranties in general may be classified either as absolute or conditional. An absolute guaranty is generally said to be one by which the guarantor unconditionally promises payment or performance of the contract on default of the principal debtor or obligor, and while the most usual form of an absolute guarantee is that of payment, still an absolute guarantee of performance is subject to the same rules as the guarantee of payment.

3. GUARANTY—*Absolute Guaranty.*—A guaranty is deemed to be absolute unless its terms import some condition precedent to the liability of the guarantor.

4. GUARANTY—*Absolute Guaranty—Endeavor to Collect from Principal Debtor—Notice.*—When the guarantor enters upon an absolute guaranty, the creditor is under no obligation to first endeavor to collect from the debtor, nor is he under obligation to give notice to the guarantor of default on the part of the primary debtor. When the guarantee is absolute, whether the contract of guaranty covers the performance of an act or the payment of money at a definite time, the liability of the guarantor is distinguished from a mere guaranty of solvency or collectibility, which is conditional in its nature or which may arise out of a continuing guaranty.

5. GUARANTY—*Notice—Conditional Guaranty—Continued Guaranty.*—In the case of a conditional guaranty and quite generally of a continuing

guaranty, unless in the latter instance notice is waived, notice of default on the part of the principal debtor must be given to the guarantor, but even in these cases lack of notice is not necessarily fatal but usually it will be held material only when damage or prejudice has resulted to the guarantor.

6. GUARANTY—*Joint Action Against Debtor and Guarantor—Independent Causes of Action.*—In the instant case, an action against a guarantor and the original debtor, it was insisted on behalf of defendant, that the notice of motion set forth on its face two independent causes of action. This, however, was not so, as the guarantee being absolute, the causes of action arose from the same circumstances and rested upon the same proof against both parties. The objection that the causes of action were entirely distinct and therefore the two defendants could not be sued together, as that would require separate judgments on separate causes of action, cannot be sustained.

7. PARTIES—*Misjoinder of Parties—Abatement or Demurrer—Section 6102 of the Code of 1919—Joinder of Guarantor and Principal Debtor—Case at Bar.*—Under section 6102 of the Code of 1919, the only proper remedy is to move for abatement of the suit as to the party or parties improperly joined. The misjoinder can not be reached by demurrer. In the instant case, the objection being raised only by the demurrer of the guarantor, and no motion to abate the action having been made by either of the defendants (the guarantor and principal obligor) at any period during the trial, but evidence having been adduced and the case heard and tried as to the liability of both defendants, there was no error on the part of the lower court in overruling the demurrer on the ground of the misjoinder of the guarantor and principal obligor and allowing the case to proceed.

Error to a judgment of the Circuit Court of the city of Norfolk, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Eastwood D. Herbert,* for the plaintiffs in error.

*W. H. Starkey* and *J. M. Arnold,* for the defendants in error.

CRUMP, P., delivered the opinion of the court.

In June, 1920, Preston W. Ives was the owner of approximately 250 acres of land in Princess Anne county, Virginia, upon which there was a mortgage or deed of trust held by C. E. Herbert. In the month of June, Ives sold and conveyed to J. T. Williams 175 acres of the said tract for the sum of $10,500.00, of which $3,000.00 was paid in cash and a note payable in two years was given for $7,500.00. This entire consideration went to C. E. Herbert so that he might release his lien as to the 175 acres, and a deed of trust was given to secure Williams' note for $7,500.00 of which C. E. Herbert became the holder. The deed from Ives to Williams contained a reservation to the grantor of the right to cut timber from the land conveyed for a period of two years. At the time of the sale Ives agreed to furnish certain lumber to Williams. This agreement was put in writing and its performance was guaranteed by C. E. Herbert. The writing was in the form of a communication addressed to Williams and, together with the guaranty, is as follows:

"In consideration of $10.00 and other good and valuable considerations, the receipt of which is hereby acknowledged, I agree to furnish the lumber to build a six (6) room house and piazza on the farm you purchased from me by deed of June 29, 1920. All weatherboarding to be dressed on one side; all flooring to be dressed on one side and tongue-and-grooved and sheathing and framing are not to be dressed. This agreement shall not include the shingles for the roof. The order for said timber must be given ninety days prior to the expiration of the said two years, and said timber is to be delivered within ninety days from the receipt of order.

"(Signed) PRESTON W. IVES.

"For value received I hereby guarantee the faithful performance of the above agreement.

                    "(Signed) C. E. HERBERT."

In accordance with the agreement Williams gave Ives an order for the lumber ninety days prior to the expiration of the two years. It was claimed by Williams that Ives failed altogether to furnish the lumber. He thereupon instituted this action by notice of motion in June, 1923, against both C. E. Herbert, the guarantor, and Preston W. Ives, the debtor. Upon a trial before a jury a verdict was rendered against both defendants for $1,050.00 as damages for failure to perform the contract. Judgment was entered upon the verdict to which a writ of error was allowed by the Supreme Court of Appeals upon the petition of P. W. Ives and C. E. Herbert.

The plaintiffs in error, the defendants in the court below, assign as errors the action of the court in the following particulars, viz.: in overruling the demurrer of the defendant guarantor, C. E. Herbert, to the notice of motion; the refusal of the court to give two instructions offered by the defendants on the trial; and also the refusal of the court to set aside the verdict on the ground that it was contrary to the law and the evidence.

Upon the three assignments of error the following questions are raised for decision by this court:

The plaintiffs in error contend, (1) that the plaintiff in the case failed to allege and prove that he had exhausted his legal remedies against the defendant, P. W. Ives, and that such allegations and proof were essential for him to maintain an action against C. E. Herbert on his contract of guaranty; (2) that the plaintiff failed to allege and prove that he had given

to Herbert, the guarantor, timely notice of the default
on the part of P. W. Ives to perform his contract with
the plaintiff and that such allegations and proof were
essential before an action could be maintained against
Herbert, the guarantor; (3) that the action could not
be maintained against the primary debtor, Ives, and
the guarantor, Herbert, jointly, as the contract with
Ives and the guaranty with Herbert were independent
undertakings, and the liability of each of the parties
was several, and therefore the separate demurrer of
Herbert should have been sustained.

Without considering each assignment of error
separately, the foregoing three points, when decided
by the court, will dispose of all the errors upon which
the plaintiffs in error rely.

[1, 2, 3] Guaranties in general may be classified
either as absolute or conditional. The guaranty in this
case is unquestionably an absolute guaranty. The
contract provides for a certain, definite and specific
act of performance to be had by the debtor, and the
performance of that act is guaranteed by Herbert
without any condition of any character being annexed
to it. Herbert guarantees the faithful performance of
Ives' promise to furnish the lumber. Immediately
upon the failure of Ives to perform his contract by
furnishing the lumber, there has been failure of per-
formance of the act which Herbert had guaranteed
should be performed and his liability for the failure to
perform arises at once and unconditionally. An ab-
solute guaranty is generally said to be one by which the
guarantor unconditionally promises payment or per-
formance of the contract on default of the principal
debtor or obligor, and while the most usual form of an
absolute guaranty is that of payment, still an absolute
guaranty of performance is subject to the same rules

as the guaranty of payment. It is further said that a guaranty is deemed to be absolute unless its terms import some condition precedent to the liability of the guarantor. 28 C. J. 895 and 972.

[4] It is well settled in the law of guaranty that when the guarantor enters upon an absolute guaranty, the creditor is under no obligation to first endeavor to collect from the debtor, nor is he under obligation to give notice to the guarantor of default on the part of the primary debtor. When the guaranty is absolute, as in this case, whether the contract of guaranty covers the performance of an act or the payment of money at a definite time, the liability of the guarantor is distinguished from a mere guaranty of solvency or collectibility, which is conditional in its nature or which may arise out of a continuing guaranty.

The prevailing doctrines of the law in these matters are very well stated in the case of *Heyman v. Dooley*, 77 Md. 169, 26 A. 117; also reported in 20 L. R. A. 257. In that case the court says:

"The liability of an endorser of a negotiable note does not become absolute, unless there has been a demand upon the maker, and due notice of nonpayment by him has been given, not because the endorser has so stipulated in terms, but because it is a condition annexed to the contract by the commercial law. In the case of an absolute guaranty, however, there is no condition annexed to the contract itself, nor is any condition implied by law requiring the guarantee to notify the guarantor of the default of the principal. On the contrary, his liability is governed by the same rules of law by which the ordinary liability of one who has broken his contract is determined. And this being so, if one guarantees in absolute terms the performance of a specific act or contract by another, his liability

being commensurate with that of the principal, whatever proof is necessary to support an action against the principal will be sufficient in an action against the guarantor."

The principles enunciated in the excerpt from the foregoing opinion are in accord with the settled law. 28 C. J. 895-896 and 962; 1 Brandt on Suretyship and Guaranty (2nd ed.), sections 212-220-221; *Welch* v. *Walsh*, 177 Mass. 555, 59 N. E. 440, 52 L. R. A. 782, 83 Am. St. Rep. 302; *Hubbard* v. *Haley*, 96 Wis. 579, 71 N. W. 1036; *Karraker* v. *Ernest* (D. C.), 4 Fed. (2nd Series) 404; *Loverin* v. *Bumgarner*, 59 W. Va. 46, 52 S. E. 1000; *Shore* v. *Lawrence*, 80 W. Va. 493, 92 S. E. 729.

In the last mentioned case from West Virginia it was held that where a person guaranteed the payment of rent in accordance with the terms of the lease, the guaranty was absolute and unconditional, and the liability of the guarantor became fixed without notice or obligation upon the creditor to pursue any remedy against the debtor upon the failure of the debtor to pay the rental.

[5] In the case of a conditional guaranty, and quite generally of a continuing guaranty, unless in the latter instance notice is waived, notice of default on the part of the principal debtor must be given to the guarantor, but even in these cases lack of notice is not necessarily fatal but usually it will be held material only when damage or prejudice has resulted to the guarantor. *Davis* v. *Wells, Fargo & Co.*, 104 U. S. 159, 26 L. Ed. 686; 28 C. J. 962-963.

The cases decided by the Court of Appeals of Virginia are not at all in conflict with the foregoing settled principles. In the early case of *Arents* v. *Commonwealth*, 18 Gratt. (59 Va.) 750, the court in substance

lays down the same principles. In *Welsh* v. *Ebersole*, 75 Va. 651, the real question discussed and decided was as to the liability of an endorser in blank of a non-negotiable instrument promising to pay money, and it was held that parol evidence was admissible to prove that the endorser was a guarantor and to show the extent of the guaranty.

In *Piedmont Guano, etc., Co.* v. *Morris, et als.* 86 Va. 941, 11 S. E. 883, the defendants sought to be held on a guaranty were sales agents of a company manufacturing fertilizers, and they entered into a written contract with the company in which they agreed, when requested by the plaintiff, to proceed to collect defaulted notes of purchasers without delay and to remit the proceeds as collected; under the circumstances of the case, the contract was clearly a guaranty only of collection.

In the recent case of *Frieden* v. *Cluett, Peabody & Co.*, 142 Va. 738, 128 S. E. 61, decided by this court, the contract, while in essence a continuing contract of guaranty, was a formal document of some length in which the guarantor waived notice of nonpayment and hence it was held to be an absolute guaranty. The court held that the guaranty was absolutely unconditional and remained in force until the guarantor should revoke it by notice in writing as required by the instrument. The court further held that being an absolute guaranty in effect, the liability of the guarantor attached immediately upon the failure of the debtor to pay and no duty rested upon the creditor to endeavor first to collect from the debtor. In the recent case of *B. F. Goodrich Rubber Co.* v. *Fisch*, 141 Va. 261, 127 S. E. 187, decided by the Supreme Court of Appeals of Virginia, the primary debtor and the parties sued as guarantor signed the same instrument and upon con-

:sideration of all the circumstances surrounding the transaction, it was held by the court that although the word "guaranty" was used in the paper, still the paper constituted a joint contract in which the party sued became a surety and was liable primarily as such. The court overruled, therefore, the argument that as to the defendant the paper constituted only a continuing guaranty, and hence the guarantor was entitled to notice of default on the part of the debtor.

The defendant, Herbert, in the instant case was interested in the transaction of sale as he had to release from his lien a portion of the land sold and conveyed and was necessarily conversant with the contract made by Ives and its effect. The contract sued upon here was manifestly an absolute contract of guaranty, as to which there is no obligation on the part of the creditor either to notify the guarantor of default in performance of the contract or to endeavor to collect from the debtor before suing the guarantor.

[6, 7] The remaining question is as to the right of Williams, the plaintiff in the case, to sue the original debtor and the guarantor jointly. It is insisted on behalf of the appellants that the notice of motion sets forth on its face two independent causes of action. We cannot agree with this. The guaranty being absolute, the causes of action arose from the same circumstances and rested upon the same proof against both parties. It is true that it was held in *Shore* v. *Lawrence*, 68 W. Va. 220, 69 S. E. 791, that a guarantor and the primary debtor could not be joined in the same action and this seems to be in accord with the general principles of the law upon the subject of joinder of defendants; though the rule is not universal and distinctions are drawn between various classes of cases. 28 C. J. 1012. However this may be, we are satisfied

that the objection that the causes of action are en-tirely distinct and therefore the two defendants could not be sued together, as that would require separate judgments on separate causes of action, cannot be sustained. Section 6102 of the Code of 1919 was en-acted for the purpose of speeding litigation in such cases as this, in which there is merely a misjoinder of parties defendant in an action *ex contractu*. Under that statute it has been held that the only proper remedy is to move for abatement of the suit as to the party or parties improperly joined and that the misjoinder cannot be reached by demurrer. · *Riverside Cotton Mills* v. *Lanier*, 102 Va. 148, 45 S. E. 875; *Carlton* v. *Boudar*, 118 Va. 521, 88 S. E. 147, 4 A. L. R. 1480. This objection being raised only by the demurrer of Herbert and no motion to abate the action having been made by either of the defendants at any period during the trial, but evidence having been adduced and the case heard and tried as to the liability of both defend-ants, there is no error on the part of the court in over-ruling the demurrer and allowing the case so to proceed. Burks' Pl. & Pr. (2nd ed.), p. 63, 339-340.

All matters resting upon conflicting evidence were properly submitted to the jury and we find no error in the judgment of the trial court, and therefore it is. affirmed.

*Affirmed.*