## CIRCUIT COURT OF ACCOMACK COUNTY

Ann D. Twyford

v.

Ben F. Askew

April 30, 1985

Case No. 5499

By JUDGE H. CALVIN SPAIN

I am of the opinion that this particular case most aptly fits the law as expressed in the matter of *Ives v. Williams*, 143 Va. 855 (1925). On page 860 of the aforementioned case, the principle is stated as follows:

> It is well settled in the law of guaranty that when the guarantor enters upon an absolute guaranty, the creditor is under no obligation to first endeavor to collect from the debtor, nor is he under obligation to give notice to the guarantor of default on the part of the primary debtor. When the guaranty is absolute, as in this case, whether the contract of guaranty covers the performance of an act or the payment of money at a definite time, the liability of the guarantor is distinguished from a mere guaranty of solvency or collectibility, which is conditional in its nature or which may arise out of a continuing guaranty.

The instant matter involves two notes, one dated April 23, 1979, in the amount of $95,000 and another dated October 7, 1981, in the amount of $20,000. The first note carries, among other things, the following language, "unconditionally guarantee." The second note does not carry a guaranty, but on the face it indicates that all of

the parties on the paper were in fact makers. Even if the makers, in the instance of the second note, were treated as guarantors for the primary obligor, J. M. Watson Company, Inc., the results would not differ.

Reference to the *Legal Thesaurus*, (Deluxe Edition 1980) by William C. Burton, indicates that the word "unconditional" carries, among other definitions, the word "absolute." Additionally, under the word "unconditional," subtitle "Associated Concepts," the definition of "unconditional guaranty" is used.

For all of the foregoing reasons, the Court finds that the guaranty as provided by Twyford and Askew (without even considering whether they are makers with respect to the $20,000 note) is unconditional and absolute and there is no obligation upon the holder of the note to proceed against the primary obligor prior to demanding payment in full. The finding is equally applicable to the $20,000 note under either theory.

Accordingly, the Demurrer of Mr. Askew is overruled.