## CIRCUIT COURT OF NELSON COUNTY

Hydro-Nelson,
Ltd. Partnership

v.

Appalachian Power Co.

v.

Carol C. Pollock
and John K. Pollock

March 11, 1997

Case No. (Chancery) 96-111

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the Special Plea of Misjoinder filed by the third-party defendants, Carol C. Pollock and John K. Pollock. It is the ruling of this Court that the Special Plea of Misjoinder as to the third-party claim against Carol C. Pollock and John K. Pollock is overruled and that the Cross-Bill filed against them may proceed in this action.

The plaintiff, "Hydro-Nelson," filed its Bill of Complaint for Declaratory Judgment against the defendant, "Appalachian." The bill alleges that Appalachian and Hydro-Nelson entered into a contract wherein Appalachian agreed to purchase Hydro's energy production from its electrical generation facility on the Rockfish River in Nelson County. It further alleged that Appalachian agreed to pay for the electricity on a levelized payment schedule through the life of the contract. The effect of this payment schedule was that the payments during the early part of the contract would be higher than the normal tariff and that the payments during the later years of the contract would be less than the normal tariff. The contract between Appalachian and Hydro provided that, upon lawful termination of the contract, Hydro would be required to pay Appalachian certain cancellation

charges, including the accumulated future value of the difference between the levelized payments made by Appalachian and the lower payments which Appalachian would have made under its normal tariffs.

Appalachian filed an Answer and Cross-Bill against Hydro seeking recovery of the termination penalties under the contract. Additionally, it filed a Cross-Bill in this action against John K. Pollock and Carol C. Pollock pursuant to a guaranty signed by them where they guaranteed the payment of the difference between the levelized energy payment and the normal tariff payments when due under the terms of the original agreement. The Pollocks entered a Special Plea of Misjoinder and a special appearance to the cross-bill. Their plea of misjoinder, in essence, maintains that the principal debtors and the guarantors cannot be joined in a single action under Virginia law. Both Appalachian and the Pollocks cite *Ives v. Williams*, 143 Va. 855, 129 S.E. 675 (1925), as support for their respective positions.

It is correct, as Hydro has noted, that *Ives v. Williams* cited *Shore v. Lawrence*, 68 W. Va. 220, 69 S.E. 791, for the general proposition that a guarantor and primary debtor could not be joined in the same cause of action. The Court in Ives, however, noted that this rule "is not universal and distinctions are drawn between various classes of cases." *Ives v. Williams*, 143 Va. 855, 863, 129 S.E. 675 (1925).

*Ives v. Williams* went on to hold that, when the guarantor enters into an absolute guaranty, the creditor is under no obligation to first collect from the debtor, nor is the creditor under an obligation to give the guarantor notice of default on behalf of the primary debtor. *Id.* at 860.

The court in *Ives v. Williams* further held "that a guaranty is deemed absolute unless its terms import some condition precedent to the liability of the guarantor." *Id.* at 860.

In the instant case, the guaranty is titled "UNCONDITIONAL GUARANTY." Further, the Pollocks unconditionally guaranteed the payment under the terms of the agreement "of the accumulated future value of the difference, through the date of termination of the agreement, between the levelized energy payments made under the agreement . . . and the payments that would have been made had energy payments been made in accordance with schedule SOGEN/SPP. . . ." (normal tariffs).

It is thus clear from a review of the guaranty signed by the Pollocks that there is no condition precedent to their liability if the agreement has been lawfully terminated. Further, the agreement, by a defined formula, sets forth what the penalty will be. Therefore, within the four corners of the agreement, there is a definite formula for the calculation of the penalty. Thus, the guaranty is absolute. The Plea of Misjoinder of the Pollocks is overruled.