## Wytheville.

## NATIONAL BANK OF SUFFOLK V. THE FARMERS BANK OF FRANKLIN, ET ALS.

June 12, 1924.

Absent, Prentis, J.

BANKS AND BANKING—*Pledge and Collateral Security—President's Authority to Assign a Bond of Directors to Secure not Only an Original Note but Renewal Notes.*—Bank directors executed a bond, payable on demand to the bank "or assigns," and delivered it to the president of the bank in order that it might be pledged as collateral security to secure a loan to the bank by plaintiff, which plaintiff declined to make unless so secured. There was no restriction placed upon the form of assignment of the bond to be used, and the form used by the president was that contained in the form for such an assignment used by the bank in its usual course of business. The note was curtailed and renewed by the president several times without actual notice to the directors. The directors contended that such renewals released them from liability on the bond.

   *Held:* That the president had implied authority from the other makers of the bond to assign the bond to the plaintiff as collateral security, not only for the payment of the original negotiable note, but also as security for the payment of "any note given in extension or renewal thereof," and the directors were therefore not released from liability by reason of the renewals.

Error to a judgment of the Circuit Court of Southampton county, in a proceeding by motion for a judgment for money. Judgment for defendants. Plaintiff assigns error.

   *Reversed and final judgment for plaintiff.*

This is an action at law, instituted by the plaintiff in error (hereinafter called plaintiff), by notice of motion, against the defendants in error, the directors of The

Farmers Bank of Franklin (hereinafter called the defendants, or referred to as the directors), and others, upon a certain bond executed by said directors, payable "on demand" to The Farmers Bank of Franklin, "or assigns," for the principal sum of $10,000.00, and delivered by the directors to the president of such bank for the following purpose, namely, in order that such bank might pledge such bond by assigning it to the plaintiff as collateral security for a loan of $10,000.00, which The Farmers Bank of Franklin desired to obtain of the plaintiff, but which the plaintiff declined to make unless the said directors would execute and deliver their aforesaid bond for the aforesaid purpose, as was known to the directors at the time.

There was a verdict and judgment in the trial court in favor of the plaintiff against The Farmers Bank of Franklin and said president for $4,996.47, the balance claimed by the plaintiff as owing upon said bond, with interest; but there was a verdict and judgment in favor of the other defendants, consisting of the said directors other than said president of defendant bank.

The defense set up by the directors, other than said president, is that they were released from liability on said bond by reason of the renewals of the principal note, given by The Farmers Bank of Franklin for said loan, without the knowledge or consent of such directors.

The said bond bears date October 18, 1920, and was delivered, as aforesaid, for the purpose aforesaid, on such date. Shortly thereafter The Farmers Bank of Franklin, acting through its president, obtained the loan above mentioned from the plaintiff upon its negotiable note for $10,000.00 and the aforesaid pledge of said bond as collateral security as aforesaid.

The form of the negotiable note mentioned was the

form of collateral note used by The Farmers Bank of Franklin, in the usual course of business, with which the said directors were familiar.   The provisions of the negotiable note, so far as material, were as follows:

"$10,000.00

"Sixty (60) days after date the undersigned  *  * promise to pay to the National Bank of Suffolk  *  * or order, negotiable and payable, without offset, at said bank, ten thousand no / 100 dollars, for value received; having deposited with said bank as collateral security for the payment of *this note, or any note* given in extension thereof,  *  *  *  the following property, namely:

"Bond of directors of Farmers Bank of Franklin, Va.  *  *  *.

"(Signed) The Farmers Bank of Franklin,
(Italics supplied.)        "By E. L. Beale, Pres."


On the back of said bond the said president made the following endorsement:

"For value received we hereby assign the within to the National Bank of Suffolk, and guarantee the payment thereof.

"(Signed)   The Farmers Bank of Franklin,
                "By E. L. Beale, Pres."


The said president, E. L. Beale, is one of the directors who executed and delivered said bond as aforesaid, for the purpose aforesaid.

When the original negotiable note aforesaid fell due it was curtailed a small amount by The Farmers Bank of Franklin, acting through its said president, and renewed for sixty days, the same form of note being used, containing the same provision as to the bond being "deposited with said bank as collateral security for the payment of this note or any note given in extension or

renewal thereof," etc. Thereafter, from time to time, other curtails and renewals of the note were made by such bank, acting through its said president, the same form of note being used, until June 23, 1921, when the last renewal was made, on the same form of note. This note was not paid or renewed at maturity, and thereafter the action in the instant case was brought upon said bond, as aforesaid, subject to certain credits endorsed thereon, consisting of said curtail payments, which left a balance of $4,996.47 owing on said bond, as claimed by the plaintiff, for which said judgment was entered for the plaintiff against The Farmers Bank of Franklin and E. L. Beale, but as to which there was a verdict and judgment in favor of the said directors other than the said Beale, as aforesaid.

It does not expressly appear from the evidence that the directors, other than the said president, had any actual notice of the said renewals of said principal note, nor does it expressly appear that such directors consented to such renewals or any of them.

Further: It does not appear from the evidence that the directors, other than the said president, E. L. Beale, knew, before or at the time said principal note was executed, within what time such note was to be or was in fact made payable. It further appears from the evidence, however, that they did not stipulate when they delivered said bond, as aforesaid, for the purpose aforesaid, that it was to be pledged as collateral for any particular note, or for a note payable in any specific time.

After the evidence was all in the plaintiff asked the trial court to give the following instruction:.

"The court instructs the jury that if they believe from the evidence that the bond sued on was executed

by the defendants and was deposited with the plaintiff as collateral security for a loan made by the plaintiff to The Farmers Bank of Franklin; that the said loan has not been paid; and that the plaintiff is still the holder of said bond, then they must find in favor of the plaintiff against the defendants for the balance due on said bond."

But the court refused to give such instruction, and in lieu thereof instructed the jury as follows:

"The court instructs the jury that if they believe from the evidence that the defendants, excepting The Farmers Bank of Franklin and E. L. Beale, with the knowledge of the plaintiff, executed the said bond as an accommodation to The Farmers Bank of Franklin with the intent and purpose that the same should be used, and was used, as collateral security for a negotiable note made October ___, 1920, by The Farmers Bank of Franklin, payable sixty days after date to the plaintiff, and that plaintiff by valid and binding agreement with The Farmers Bank of Franklin, extended the time of the payment of the said note, for which such bond was collateral security, then they must find for the defendants, unless it is shown by the evidence that the extension was made with the consent of the said defendants, except The Farmers Bank of Franklin and E. L. Beale."

*E. R. F. Wells* and *E. Frank Story*, for the plaintiff in error.

*E. L. Beale, John N. Sebrell, Jr., Jas. H. Corbitt, D. C. O'Flaherty, N. T. Green, J. Edward Moyler,* and *A. S. Johnson,* for the defendants in error.

Sims, P., after making the foregoing statement, delivered the following opinion of the court:

Independently of other views which, in our opinion, would lead to the same result, but which need not be set out here, there is a single question presented for decision by the assignments of error which is determinative of the case, namely:

1. Did the president of The Farmers Bank of Franklin (who was also one of the makers of the bond sued on), under the circumstances above set forth, have the implied authority from the other makers, of such bond, to assign the bond to the plaintiff, as he did, as collateral security, not only for the payment of the original negotiable note above mentioned, but also as security for the payment of "any note given in extension or renewal thereof?"

The question must be answered in the affirmative.

It is apparent from the evidence that the bond sued on was given to be used by the principal debtor, the defendant bank, acting through its said president, as a pledge as collateral security for the loan of $10,000.00 which the plaintiff afterwards made to such principal debtor, not as such security for the payment of any particular note; and when the bond was delivered by its makers to the president of the bank (who was also one of the makers of the bond), to be assigned by him, acting for the bank, to the plaintiff, without any restriction being placed upon the form of assignment to be made, the inference is irresistible that the president of the bank was impliedly authorized to execute the form of assignment he did execute, namely, that contained in the form of collateral note which was used by him, being the same form for such an assignment used by the bank, in its usual course of business, of which

bank the makers of the bond were directors, and with which form of note they were familiar.  ·

It is urged in argument in behalf of the defendant directors before the court on this appeal, that the assignment itself stipulates that the bond was deposited as collateral security for the payment of *"this note,"* namely, the original negotiable note given by the principal debtor bank.   But this was a stipulation made by the pledgee of the bond to whom the bond was assigned by its makers for the purpose aforesaid, and not by such makers themselves; and the stipulation goes further and says that the bond is deposited to also secure the payment of "any note given in extension or renewal" of the original note. ·

The assignee had no express authority to make the assignment in any particular form.   He acted under his implied authority in making the assignment he did make, and that authority as fully empowered him to stipulate that the bond was deposited as security for the payment of renewal notes as for the payment of the original note.   The makers of the bond, therefore, cannot select one of such stipulations to rely upon and repudiate the other.   They are bound as much by the one as by the other stipulation.   By claiming the benefit of it, they admit that they are bound by one of the stipulations; and they are equally bound by the other stipulation.   And, aside from any admission, it is plain that the assignor, having been given the general authority to make the assignment of the bond as security for the loan, had the implied authority from the makers of the bond to make the assignment as it was made.

The case will be reversed, and, acting under the statute (Code section 6365), final judgment will be rendered by this court in favor of the plaintiff against the

directors who are defendants in error here, jointly and severally, for the sum of $4,996.47, the balance owing on said bond, with interest thereon from the 4th day of August, 1922, until paid, and costs.

*Reversed and final judgment for plaintiff.*