Syllabus.

# Richmond.

## J. N. COBB, GEORGE W. SCOTT, I. J. JONES, W. M. BRADSHAW, HARRY STEINHARDT, J. E. ROSE, I. Q. WIGGINS, AND E. C. BEALE v. VAUGHAN & COMPANY, BANKERS.

January 15, 1925.

1. GUARANTY—*Definition.*—A guaranty is a collateral undertaking by one person to be answerable for the payment of some debt or the performance of some duty or contract for another person who stands first bound to pay or perform.   There can only be a contract of guaranty where there is some principal or substantive liability to which it is collateral; if there is no debt, default, or miscarriage of a third person either present or prospective, there can be nothing upon which to base a contract of guaranty.

2. GUARANTY—*Original Promise or Guaranty.*—If it can be seen that the person sought to be held is primarily liable, prior to the breach of the contract or duty by some one else, the conclusion at once follows that the contract in question is not one of guaranty; and, although a contract is in form to answer for the debt or default of another, if its leading purpose is to secure some benefit to the promisor or to promote his interest, it will be regarded as an original undertaking. On the other hand, although the word "guaranty" may be used when the engagement is an original and absolute one to pay the debt when it becomes due, that construction is put upon it only when it is plain that such was the intent of the parties.   The question as to whether a contract is one of original promise or of guaranty merely is one of fact to be determined from the circumstances surrounding the transaction.

3. GUARANTY—*Diligence to Collect from Original Debtor.*—To render a guarantor of a note liable upon his promise the promisee must have used due diligence to collect from the principal debtor.

4. GUARANTY—*Guaranty of Note—Notice of Renewal.*—The guarantor of a note is released from liability by the renewal of the note without his knowledge.

5. PLEDGE AND COLLATERAL SECURITY—*Renewal of Note not Discharge of Security.*—The law is that the renewal or extension of a principal note does not release or discharge the collateral deposited as security for its payment, and without dispute is this true where the stipulation is contained therein "that the bond is to also secure the payment of" any note given in extension or renewal of the original note.

6. PLEDGE AND COLLATERAL SECURITY—*Renewal of Note not Discharge of Security—Case at Bar.*—In the instant case defendant's directors and officials in a bank, which was in financial difficulties, gave their bond to secure a note of the bank.  The bond executed by them was payable one year after date, while the note for which their bond was deposited as collateral bore the same date, and was payable sixty days after date.  The bond stated that it was given as collateral for the note or any note given in renewal or extension.

   *Held:*  That defendants were put on notice that a renewal of the original note was contemplated.

7. GUARANTY—*Bond by Directors of Bank Held an Original Contract and not a Guaranty.*—A bank of which defendants were directors and officials was in financial difficulties and defendants executed and delivered to plaintiffs a bond as collateral security for a note of the bank.  In view of the surrounding circumstances, the stipulations contained in the bond, the benefits accruing to the defendants, the positive testimony of one of plaintiffs as to the purpose of the bond, and the failure of defendants to testify as to their intention in executing the bond:

   *Held:*  That the bond was not a contract of guaranty but an original promise to pay.

8. DURESS—*Bond by Director of Bank—Threats of Bank Examiner—Allegation of Duress.*—In an action on a bond against a director of a bank, the director alleged that he had been induced to sign the bond by threats of a State bank examiner.  The alleged threats were that the examiner "intimated" and "stated" that unless defendant signed he *could be* and *might be prosecuted* for mismanagement of the bank.

   *Held:*  That this was not a sufficient allegation of duress.

9. DURESS—*Plea of Duress—Duress by Another than the Party Benefited.*— Where duress is alleged through the illegal acts or statements of a party other than the party benefited, the plea must allege that the party to be benefited is responsible in some way for the illegal acts done or the illegal statements made.

Error to a judgment of the Circuit Court of Southampton county, in a proceeding by motion for a judgment for money.  Judgment for plaintiffs.  Defendants assign error.

*Affirmed.*

The opinion states the case.

*N. T. Green, J. H. Corbitt, A. S. Johnson, Jno. N. Sebrell, Jr.,* and *D. C. O'Flaherty,* for the plaintiffs in error.

*E. R. F. Wells* and *R. E. L. Watkins*, for the defendants in error.

CAMPBELL, J., delivered the opinion of the court.

This is a proceeding by notice of motion, instituted by the defendants in error, C. C. Vaughan, Jr., and Cora V. Camp, partners, doing business under the firm name and style of Vaughan & Company, against the plaintiffs in error, to recover the sum of one hundred and ten thousand dollars, with interest thereon, from the 21st day of March, 1921, the same being alleged to be due as evidenced by a certain bond reading as follows:

"$110,000.00.                    "Franklin, Virginia,
                                 "March 21, 1921.

"On demand, one year after date, with interest from date, for value received, we owe, both jointly and severally, and promise to pay unto Vaughan & Company, Bankers, Franklin, Virginia, the just and full sum of one hundred and ten thousand dollars.

"This obligation is to be used as collateral security for a loan to secure the deposits of the Farmers Bank of Franklin, Franklin, Virginia, this day taken over by said Vaughan & Company, Bankers. We, and each of us, hereby waive the benefit of our homestead exemption as to this obligation.

"Given under our hands and seals this 21st day of March, 1921."

As a matter of convenience, the parties litigant will be referred to as plaintiffs and defendants, according to the positions occupied by them in the trial court.

The facts in the case as disclosed by the record are in substance as follows:

The Farmers Bank of Franklin, of which the defend-

ants were officers and directors, in March, 1921, found itself in financial straits, with its depositors demanding payment of the sums due them.   In order to obtain a loan to meet the demand of depositors, the officers and directors of the bank applied to the plaintiffs for a loan of $110,000.00.

The result of the negotiations was that the plaintiffs agreed to make the loan and on the 21st day of March, 1921, an agreement was entered into between the parties, whereby the plaintiffs agreed to deposit with themselves $110,000.00 to the credit of the Farmers Bank of Franklin, to be applied to the payment of checks of depositors, and for the payment of certain other obligations of the Farmers Bank.

Under the terms of the agreement the Farmers Bank executed its note for the sum of $110,000.00 payable to the order of the plaintiffs, sixty days after date, and assigned to plaintiffs certain bonds, notes and other evidences of indebtedness owned and held by it, as collateral security for the payment of this note of $110,000.00.

In addition to its note and evidences of indebtedness, the Farmers Bank delivered to plaintiffs the note executed by the defendants, as heretofore set forth.   This note executed by defendants was filled out on one of the printed forms of collateral notes used by the Farmers Bank, with the name Vaughan & Company, Bankers, substituted for Farmers Bank of Franklin.

Pursuant to these negotiations, the Farmers Bank of Franklin was enabled to pay its depositors every penny due them.

While irrelevant to the issue, it is disclosed by the evidence of General C. C. Vaughan, Jr., the only witness who testified upon the trial of the case, that the

plaintiffs paid on account of the Farmers Bank, in addition to the $110,000.00, the sum of $413.48.

On May 20, 1921, the note of the Farmers Bank was curtailed by E. L. Beale, president thereof, to $108,-848.00, and a renewal note was executed on that date, for that amount, payable thirty days after date.   This note, after being curtailed, was renewed on June 18, 1921, for a period of thirty days from that date.   Again, on July 18, 1921, this note, amounting to $108,000.00, was renewed by the execution and delivery of a thirty day note.   This was the last renewal.   These renewal notes were similar in form to the original note and contained a recital that the bond of defendants and certain bills receivable were held as collateral security. '

On May 12, 1922, the plaintiff docketed their notice of motion for judgment, whereupon all of the defendants appeared either generally or specially and demurred or pleaded.

The demurrer being sustained, on motion of the plaintiffs, they were permitted by the court to file an amended notice of motion as follows:

"Take notice, that on the 19th day of June, 1922, the undersigned, C. C. Vaughan, Jr., and Cora V. Camp, partners, doing business under the firm name and style of Vaughan & Company, Bankers, will move the Circuit Court of the county of Southampton, Virginia, at its courthouse in Courtland, Southampton county, Virginia, for a judgment in their favor against you, and each of you, for the sum of $110,000.00 with interest thereon at the rate of six per centum per annum from the 21st day of March, 1921, until paid, and the costs of this proceeding; which said amount is due the undersigned by you in virtue of a certain written obligatory or bond, of which they are the owners and holders, signed and sealed by you, and each of you,

dated March 21, 1921, for the principal sum of $110,-
000.00, payable on demand one year after its date to
the undersigned, Vaughan & Company, Bankers, bear-
ing interest from its date, and containing a waiver of
your respective homestead exemptions, which said bond
is in the following words and figures, to-wit:

"$110,000.00.                          "Franklin, Virginia,
                                       "March 21, 1921.

"On demand, one year after date, with interest from
date, for value received, we owe, both jointly and sev-
erally and promise to pay unto Vaughan & Company,
Bankers, Franklin, Virginia, the just and full sum of
one hundred and ten thousand dollars.

"This obligation is to be used as collateral security
for a loan to secure the deposits of the Farmers Bank
of Franklin, Franklin, Virginia, this day taken over by
said Vaughan & Company, Bankers. We and each of
us hereby waive the benefit of our homestead exemp-
tions as to this obligation.

"Given under our hands and seals this 21st day of
March, 1921.

<div style="margin-left:2em;">

"E. L. Beale,          (Seal)
"J. N. Cobb,           (Seal)
"George W. Scott,      (Seal)
"I. J. Jones,          (Seal)
"W. M. Bradshaw,       (Seal)
"Harry Steinhardt,     (Seal)
"J. E. Rose,           (Seal)
"I. Q. Wiggins,        (Seal)
"E. C. Beale,          (Seal)

</div>

"That the loan mentioned in the body of said bond
was made, to-wit, on the 21st day of March, 1921, in

the sum of $110,000.00 by the undersigned, Vaughan & Company, Bankers, to Farmers Bank of Franklin, Franklin, Virginia, and the entire amount was used to pay the deposits of said bank taken over or assumed by said Vaughan & Company, Bankers; that said loan has not been paid, and there is now due and payable to the undersigned on said loan the sum of $109,035.76 with interest at the rate of six per centum per *annum* from June 28, 1922, for the payment of which, both principal and interest, said bond is held as security by the undersigned; that no payments have been made on said bond, and there is now due and payable on it the sum of $110,-000.00 with interest at the rate of six per centum per annum from March 21, 1921, for the payment of which amount, with interest as aforesaid, demand has been made on you by the undersigned, and payment has been refused by you.

"Given under our hands this 12th day of May, 1922."

The following grounds of demurrer to the amended notice are relied on by defendants: "The notice does not show that the defendants, the obligors on the bond sued upon, had been notified of default of the principal debtor, Farmers Bank of Franklin. (2) The notice does not show that Vaughan & Company, Bankers, exercised due diligence in endeavoring to collect from the principal debtor, Farmers Bank of Franklin, before bringing suit on the bond signed by the defendants."

The demurrer being overruled by the court, the defendants moved the court to permit them to file a special plea, the gist of the same being that the bond of defendants was given as a guaranty against loss to plaintiffs as a result of the failure to collect from the Farmers Bank of Franklin this note for $110,000.00, and that the defendants should not be compelled to pay any part of the said bond until the said Vaughan &

Company have made a reasonable effort to collect the said $110,000.00 from the Farmers Bank of Franklin, or from the collateral security put up by said Farmers Bank of Franklin, and that reasonable effort had not thus been made by Vaughan & Company prior to the institution of this action.

To the filing of this plea the plaintiffs objected and the court sustained said objection.

Thereupon a trial was had before a jury, upon the issue joined, which resulted in a verdict for the plaintiffs, upon which the court rendered a judgment against all of the defendants. To that judgment this writ of error was awarded.

The following errors are assigned:

(1) The overruling by the court of the demurrers filed by the defendants to the amended notice.

(2) The ruling of the court in rejecting defendants' plea No. 2.

(3) The ruling of the court in granting instructions requested by the plaintiffs.

(4) The ruling of the court in refusing the instructions requested by the defendants.

(5) The ruling of the court in overruling motion of defendants to set aside verdict and enter judgment for defendants.

In addition to the foregoing assignments of error, the defendant, I. Q. Wiggins, files other assignments which will be discussed after the general assignments are disposed of.

The determination of the issues involved in the instant case depends upon the answer to the question, whether or not the contract entered into between the plaintiffs and defendants was a definite, unconditional promise under seal to pay money, or whether the same was a contract of guaranty? As the disposition of all

five of the assignments of error depend upon the answer to the foregoing query, we will consider them together.

Upon the part of the defendants it is earnestly contended that the bond is clearly a guaranty; that upon its face it is expressly declared to be a "collateral security" for the loan; that it does not contemplate absolute liability, but a secondary, or contingent liability only. If this contention be sound, then it necessarily follows that the further contentions of the defendants as to the alleged errors committed by the trial court should be upheld and the case reversed.

It will be observed that the words "guaranty" or "guarantee" or "guarantors" do not anywhere appear in the bond sued upon. It is therefore necessary to determine from the circumstances surrounding the transaction whether the contract is one of original promise or of guaranty merely.

As to what constitutes a guaranty we find the rule laid down in 20 Cyc., page 1397, as follows:

[1, 2] "A guaranty is a collateral undertaking by one person to be answerable for the payment of some debt or the performance of some duty or contract for another person who stands first bound to pay or perform. There can only be a contract of guaranty where there is some principal or substantive liability to which it is collateral; if there is no debt, default, or miscarriage of a third person either present or prospective, there can be nothing upon which to base a contract of guaranty. The chief characteristic of a guaranty being that it is collateral to some other contract or duty, if it can be seen that the person sought to be held is primarily liable, prior to the breach of the contract or duty by someone else, the conclusion at once follows that the contract in question is not one of guaranty; and, although a contract is in form to answer for the debt or

default of another, if its leading purpose is to secure some benefit to the promiser or to promote his interest, it will be regarded as an original undertaking. On the other hand, although the word 'guaranty' may be used when the engagement is an original and absolute one to pay the debt when it becomes due, that construction is put upon it only when it is plain that such was the intent of the parties. The question as to whether a contract is one of original promise or of guaranty merely is one of fact to be determined from the circumstances surrounding the transaction."

Judge Freeman, in the annotation appended to *Pearsell Mfg. Co.* v. *Jeffreys*, 105 Am. St. Rep. 502, says:

"A guaranty is an independent contract, by which the guarantor undertakes, in writing, upon a sufficient undertaking, to be answerable for the debt, or for the performance of some duty, in case of the failure of some other person who is primarily liable to pay or perform."

In delivering the opinion of the court in *Welsh* v. *Ebersole*, 75 Va. 656, Judge Staples said:

"A guaranty is not an absolute undertaking as in the case of suretyship, but a conditional one to answer for the debt, default or miscarriage of another."

Counsel for plaintiffs concede without hesitation the effect and legal consequences of a guaranty and agree the law to be that: "The guarantor is often discharged by the indulgence of the creditor to the principal, and is usually not responsible unless notified of the default of the principal." *Piedmont Guano & Mfg. Co.* v. *Morris, etc.*, 86 Va. 941, 11 S. E. 883.

[3-5] If, therefore, the defendants occupied the position of guarantors only, there is no doubt the court erred in overruling the two grounds of demurrer relied on, as it was essential to allege in the notice of motion for judgment that the plaintiffs had exercised due dili-

gence in endeavoring to collect from the Farmers Bank of Franklin, the principal debtor, before instituting its action at law on the bond executed by defendants. It is likewise true that this result would obtain upon the renewal of the original note without the knowledge and consent of the defendants. On the other hand, the law is that the renewal or extension of a principal note does not release or discharge the collateral deposited as security for its payment, and without dispute is this true where the stipulation is contained therein "that the bond is to also secure the payment of" any note given in extension or renewal of the original note. *National Bank of Suffolk* v. *Farmers Bank of Franklin*, 139 Va. 227, 123 S. E. 522. The great weight of authority is to this effect.

In the case of *Holland Trust Co.* v. *Waddell*, 75 Hun. 104, 26 N. Y. Supp. 980, the following language is employed:

"The principle is too well settled to need the citation of authorities that the renewing of notes from time to time in no way extinguishes the original debt. It is simply an extension of the time of payment, and a change as to the evidence of the debt, and all collaterals pledged for the payment would remain as security, notwithstanding the extension of the time of payment."

In *First National Bank* v. *Gunhus*, 133 Iowa 409, 110 N. W. 611, 9 L. R. A. (N. S.) 471, it is said: "That the mere renewal of an obligation to pay money does not have the effect to release or discharge securities deposited as collateral thereto is too well settled to require the citation of authorities."

In Colebrook on Collateral Securities the rule is stated thus:

"The renewal of a negotiable bill or note representing the principal indebtedness, for the payment of which

collateral securities have been deposited, does not affect the right of the creditor to retain or enforce the collaterals. He is equally entitled to the benefit of the collateral securities as a means of obtaining payment of the note or bill given in renewal as in the case of the original evidence of indebtedness."

In section 541, in his work on collateral securities, Judge Leonard A. Jones states the law as follows:

"A renewal of a note secured by a pledge merely extending the time of payment does not extinguish the debt, and is not a payment of it which will discharge the creditor's claim upon the collateral security. Upon payment of a part of the original note, and the execution of a new note in renewal of the remainder of the debt not paid, a pledge taken as security for the original note will stand as security for such new note, in the absence of any agreement to the contrary."

To the same effect are the cases of *Dayton National Bank* v. *Merchants' National Bank*, 37 Ohio St. 208 (1881); *Citizens Bank & Trust Co.* v. *Thornton*, 174 Fed. 752, 98 C. C. A. 478; *Williams* v. *National Bank of Baltimore*, 72 Md. 441, 20 Atl. 191.

In the instant case the defendants did not become sureties or endorsers on the principal note; their signatures were attached to a separate and distinct paper which was delivered to the plaintiff simultaneously by the president of the bank with the note of the Farmers Bank. The circumstances under which the note was executed are detailed by General C. C. Vaughan, Jr., and in no particular is he contradicted. In his examination as a witness he testified as follows:

"This (*i. e.* the bond) was executed by these people (*i. e.* the nine directors) in my presence, and it was then delivered later on by the president of the Farmers Bank when he turned over to me the note for $110,000.00 of the Farmers Bank and also a copy of the agreement."

At the time of the execution of the note the defendants were facing a financial crisis, if not a more serious contingency. By the delivery of their note to the plaintiffs, this crisis was averted. For the time being, at least, they were ensconced in sanctuary.

[6] Were the defendants put on notice that a renewal of the original note was contemplated? We think they were. The bond executed by them is payable one year after date, while the note for which their bond was deposited as collateral bears the same date, and is payable sixty days after date. Thus denoting that curtailments were expected, and a decrease in the interest charges anticipated, and not that the affairs of the defunct bank would be wound up on a satisfactory basis in the short period of sixty days.

Again it will be observed that the last renewal note, dated July 18, 1921, fell due on August 17, 1921, five months after the date of the original note and seven months before the bond in question became due. In addition thereto the original bond, of which defendants undoubtedly had knowledge, stipulates that it is deposited "*as collateral security for the payment of this note* (*i. e.* Farmers Bank of Franklin note) *or any note given in extension or renewal thereof, as well as for the payment of any other liabilities of the undersigned to the said bank, due or to become due, whether now existing or hereafter.*" Upon these express terms the evidence also shows that the bond was deposited and held by plaintiffs. Why would the plaintiffs, under the circumstances, pledge their property to secure the debt to some one else? No answer can be found to the question.

[7] In view of the surrounding circumstances, the stipulations contained in the bond executed by the defendants; the benefits accruing to the defendants at the

time of the execution thereof; the positive testimony of General Vaughan as to the execution and purpose of the bond; the failure of the defendants to testify as to their intention in executing the bond, we are clearly of the opinion that a proper construction of the bond, upon which judgment was rendered, is that the same is not a contract of guaranty but that the same is a definite, unconditional promise, under seal, to pay $110,000.00 one year after its date, to Vaughan & Company, Bankers.

This conclusion disposes of all the assignments of error, except the additional grounds further relied upon by I. Q. Wiggins.

[8] The first assignment of error is to the action of the court in rejecting a plea of duress, which is as follows:

"One of the defendants, I. Q. Wiggins, by his attorney, comes and says, that before the making of the supposed writing obligatory in the notice of motion for judgment in this action mentioned, to-wit, on the 21st day of March, 1921, one F. Briggs Richardson, a State bank examiner, whose duty it was to examine the banks of the State of Virginia, as agent of the State Corporation Commission, stated to the defendant and others that he was responsible for any amounts which might be due to the depositors of the Farmers Bank of Franklin, Franklin, Virginia, of which he was a director, whether he signed any written obligation or not, regardless of whether there was any fraud or gross negligence; and that the said F. Briggs Richardson further intimated and stated that unless the defendant and others signed the said supposed obligation, or writing obligatory, that he could be, and might be, prosecuted and imprisoned for the mismanagement of the affairs of the Farmers Bank of Franklin, Franklin, Virginia, unless the said defendant would raise money by making

and sealing, and as his act and deed, delivering the said writing to the said plaintiffs, in the said notice of motion mentioned; and the said defendant did, then and there, by reason and in consequence of said statements, menaces, and threats, and in fear and apprehension thereof, make and seal, and, as his act and deed, delivered the writing obligatory aforesaid to the plaintiffs, the said Vaughan & Company, Bankers, who had knowledge of the said statements made by the said F. Briggs Richardson, and the threats and menaces aforesaid. This the said defendant is ready to verify."

This assignment of error is without merit.

While the plea does contain the language, "said defendant did, then and there, by reason and in consequence of said statements, menaces and threats, and in fear and apprehension thereof, make and seal   *   *   * and deliver the writing obligatory," etc., yet when we examine the plea to ascertain what acts were committed and statements made by the bank examiner that overcame the mind of the defendant, the nearest approach thereto is found in the language "that the said F. Briggs Richardson further *intimated* and *stated* that unless the defendant and others signed the said supposed obligation, or writing obligatory, then he *could be* and *might be* prosecuted and imprisoned for the mismanagement of the affairs of the said Farmers Bank of Franklin, Franklin, Virginia," etc. These statements were mere expressions of opinion as to the law governing the actions of a director of a mismanaged bank—whether correct or incorrect is immaterial. There is no intimation that the defendant *would be* prosecuted and imprisoned if he refused to sign the bond. The plea does not allege that *unless* the defendant sign, etc., he could or might be prosecuted. Its language is that "unless the *defendant and others* signed the said sup-

posed obligation  *  *  *  *  he could be and might be prosecuted and imprisoned.''

[9] It is also true that the plea alleges that the plaintiffs had knowledge of the statements made by the bank examiner. Knowledge that a third person, who is not alleged to be the agent of the party to be benefited, has done a certain illegal act is not sufficient. The plea must allege that the party to be benefited is responsible in some way for the illegal acts done or the illegal statements made.

The remaining assignments of error relate to the action of the trial court in (1) refusing to sustain a motion to dismiss the amended notice; (2) in overruling a motion for a continuance of the case; (3) in overruling the demurrer to the original and amended notice of motion. After a careful consideration of these assignments of error, we are of the opinion that the trial court was plainly right in its rulings thereon.

As these assignments do not involve any new propositions of law, we do not deem a further discussion necessary.

Upon a consideration of the whole case, we are satisfied that not only has substantial, but that complete justice has been done, and that the judgment of the trial court should be affirmed.

*Affirmed.*