112 So.2d 894 (1959)
Eric PEARSON, Appellant,
v.
Milton FRIEDMAN, Appellee.
No. 58-491.
District Court of Appeal of Florida. Third District.
June 18, 1959.
Morton N. Greenwald, No. Miami Beach for appellant.
Jerry M. Lindzon, Miami, for appellee.
*895 CARROLL, CHAS., Chief Judge.
This appeal brings on for our determination a question of the enforceability in Florida courts of a confession judgment rendered in Illinois, based on a warrant of attorney for confession of judgment which was signed and delivered in Florida incident to a promissory note made here but payable in Illinois.
Upon default the holder of the note obtained a judgment in Illinois without service of process. Thereafter an action was brought upon the Illinois judgment in the circuit court in Dade County, which entered judgment thereon. The defendant appealed.
The granting of powers of attorney for confession of judgment is contrary to the policy of this state, and by section 55.05, Fla. Stat., F.S.A., such contracts or provisions for confessing "judgment to pass by default" which are made in Florida are declared to be null and void.[1]
Where such a warrant of authority to confess judgment is made in a state other than Florida, under the laws of which state it is a valid contract, then a confession judgment obtained thereon in such other state will be given full faith and credit and enforced in Florida. Carroll v. Gore, 106 Fla. 582, 143 So. 633, 89 A.L.R. 1495; United Mercantile Agencies v. Bissonnette, 155 Fla. 22, 19 So.2d 466, 155 A.L.R. 916. But it was held in Markham v. Nisbet, Fla. 1952, 60 So.2d 393, 394, that "since in the case of a cognovit judgment, jurisdiction over the person to enter judgment rests squarely on the `warrant of authority' to confess judgment, it would seem to be incumbent upon the plaintiff to make an affirmative showing that the `warrant of authority' was a valid and subsisting one."
In the instant case, on plaintiff's application for summary judgment, based on the Illinois judgment, it affirmatively appeared that although the cognovit note and warrant of authority to confess judgment was to be performed in Illinois, the contract was one which was made in Dade County, Florida. A showing to that effect on the instrument itself was supported by an affidavit establishing the fact of its execution in Florida.
The Florida Statute, quoted in footnote No. 1, expressly provides that such contracts for confession of judgment "made or to be made by any person whatsoever within this state" shall be void. The wording of the statute makes it clear that it was the legislative policy and intent that, as to stipulations of the character under discussion, which are made in this state, the law of Florida controls and provides that they are null and void. This pronouncement is more than a prohibition of the use of a procedural device; it concerns the validity of the contracts themselves.
The learned trial judge was in error in imparting validity to the Florida contract upon which the Illinois judgment was obtained without service of process, since that contract was one which Florida law declared void.
The prevailing conflict of laws rule is that the validity of such a cognovit note or warrant of authority for confession of judgment is governed by the law of the place of its execution.[2] See Annotation, 19 A.L.R.2d 544. The Florida statute *896 (§ 55.05, F.S.A.) conforms to that rule, by controlling such contracts and declaring void those made in this jurisdiction. The instant contract was made in Florida, and by its proper law, was invalid.
Under the circumstances presented, neither comity nor the full faith and credit clause of the Federal Constitution, U.S.A. Const. art. 4, § 1 compels the courts of this state to recognize the Illinois judgment. See Monarch Refrigerating Co. v. Faulk, 228 Ala. 554, 155 So. 74; Loudonville Milling Co. v. Davis, 248 Ala. 202, 27 So.2d 6.
For the reasons stated the judgment appealed from is reversed.
Reversed.
HORTON and PEARSON, JJ., concur.
NOTES
[1] "All powers of attorney for confessing or suffering judgment to pass by default or otherwise, and all general releases of error, made or to be made by any person whatsoever within this state, before such action brought, shall be absolutely null and void." § 55.05, Fla. Stat., F.S.A.
[2] This is the rule in Florida, Carroll v. Gore, supra, 106 Fla. 582, 585, 143 So. 633, 89 A.L.R. 1495, and appears to be in substantial accord with the law of Illinois. See Forsyth v. Barnes, 228 Ill. 326, 81 N.E. 1028; Burr v. Beckler, 264 Ill. 230, 106 N.E. 206, 208, L.R.A. 1916A, 1049; Barrow v. Phillips, 250 Ill. App. 587.