Harold VINEBERG and Peter DeMet,
Appellants,

v.

BRUNSWICK CORPORATION,
Appellee.

No. 24028.

United States Court of Appeals
Fifth Circuit.

March 4, 1968.

Rehearing Denied April 4, 1968.

Daniel Neal Heller, Miami, Fla., for appellants.

Paul R. Larkin, Jr., James E. Tribble, Miami, Fla., for appellee.

Before BROWN, Chief Judge, SIMPSON, Circuit Judge, and SUTTLE, District Judge.

SIMPSON, Circuit Judge:

On April 11, 1961, Brunswick, the Plaintiff below, and Sky Bowl, Inc., a Florida corporation, entered into a conditional sales contract whereby Brunswick would sell to Sky Bowl, Inc., thirty-two Brunswick automatic pinsetters. Harold Vineberg and Peter DeMet, defendants below, were directors of Sky Bowl, Inc. Subsequently, Brunswick entered into a similar contract with Congress Lanes, Inc., a Florida corporation, of which Vineberg and DeMet were also directors.

On August 26, 1963, Vineberg and DeMet executed two promissory notes in favor of Brunswick, the terms of which are set forth in the margin.[1]

1. "In consideration of the extension by BRUNSWICK CORPORATION to SKY BOWL, INC. of additional time to make certain payments on automatic pinsetter account No. 66048, the undersigned, having interests in said SKY BOWL, INC., hereby promise, jointly and severally, to pay to BRUNSWICK CORPORATION on or before February 15, 1964, the sum of Thirteen Thousand Four Hundred Twenty-Eight and no/100ths Dollars ($13,428.00).

"This note is given not as payment on said contract but as additional security for the payment of October, November and December installments which would otherwise be due on said contract, but which have been postponed to February 15, 1964. Payment on this note or any part thereof shall be deemed to be also payment on said contract. Correspondingly, the payment by SKY BOWL, INC., on February 15, 1964 of all amounts then due on said contract, as now extended, shall satisfy the indebtedness of the undersigned on this note.

"In the event of failure by the undersigned to pay this note in full on or before the due date or otherwise satisfy their indebtedness hereunder as above provided, the undersigned hereby jointly and severally authorize irrevocably any attorney to appear for any one or more of the undersigned in any court of record in the United States, in term time or vacation, and confess a judgment or judgments without process, in favor of BRUNSWICK CORPORATION, and against any one or more of the undersigned in the amount unpaid hereunder, together with costs and reasonable attorney's fees, and do waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue of this authority, and waiving all benefits of valuation, appraisement, homestead and other exemption laws, present and future. This remedy and any other legal remedy which BRUNSWICK CORPORATION may wish to pursue to this

The corporations, Sky Bowl, Inc. and Congress Lanes, Inc., defaulted on the payment of the installments specified in the notes. No payments were received by Brunswick from the corporations after November 21, 1962. On default by the corporations, Brunswick sought payment of the notes executed by Vineberg and DeMet. No payments were made by Vineberg and DeMet and suit was filed by Brunswick. Summary judgment was granted in favor of Brunswick for the amount of the notes plus interest. We reverse.

The points raised on this appeal are: (1) whether the promissory notes are rendered null and void by virtue of the confession of judgment clause, (2) whether the notes constituted guaranties or third party beneficiary contracts, (3) whether parol evidence in the form of affidavits of Vineberg and DeMet should have been admitted for the purpose of revealing or explaining latent ambiguities in the notes, (4) whether there had been a valid election of remedies on the part of Brunswick under the conditional sales contracts by obtaining or repossessing the pinsetters, and (5) whether Vineberg and DeMet have a right of set-off of the dollar value of the pinsetters against the face amount of the notes.

In granting Brunswick's motion for summary judgment the court below decided that the confession of judgment clauses were void but severable from the substantive portions of the notes; thus, not affecting the ultimate issue of liability. The court further found that the notes were third party beneficiary contracts rather than contracts of guaranty, and that the notes were "free from any latent ambiguity which would necessitate the introduction of parol evi-dence to establish the intentions of the parties." The court concluded that a decision was not required with reference to issues (4) and (5). On this appeal we deal only with issues (1) through (3).

In the court below the defendants urged that Florida law was controlling in interpreting the terms of the notes. The plaintiff argued that Illinois law controlled, relying primarily on the last sentence of the notes to the effect that the notes are "to be construed and interpreted according to the laws of the State of Illinois." The order of the court below does not reveal that a decision was ever reached with respect to this question. Now on appeal it is apparent from the briefs and from our independent research that there is neither any Florida nor Illinois authority directly in point, and we need not reach the conflict of laws in question.

I.

■ The district court held that the confession of judgment clauses [2] were void under applicable Florida law,[3] but severable as previously mentioned. The district court relied on the well known principle of contract law that an illegal contract provision, or one contrary to public policy, when invalidated, will be severed from the remainder of the contract if it is possible to do so without leaving the remainder of the contract meaningless. Local No. 234 of United Association of Journeymen and Apprentices etc. v. Henley and Beckwith, Inc., Fla.1953, 66 So.2d 818; Simpson v. Fuller, 114 Ind.App. 583, 51 N.E.2d 870 (1943); and 111 A.L.R. 1407, 1411 and cases therein cited. We agree with the lower court and affirm as to this point.

note may be enforced independently of any rights or remedies provided for under said contract.

"This note is to be construed and interpreted according to the laws of the State of Illinois."

The other note, with reference to Congress Lanes, Inc., was identical except that the principal amount was $22,308.00.

2. See n. 1, supra, third paragraph.

3. "All powers of attorney for confessing or suffering judgment to pass by default or otherwise * * * heretofore made or to be made hereafter by any person whatsoever within or without this state, before such actions brought, shall be absolutely null and void." Florida Statutes, Sec. 55.05, F.S.A.

The case of Pearson v. Friedman, Fla. App.1959, 112 So.2d 894, is apparently the only Florida case construing Section 55.05 of the Florida Statutes, and is the only case relied on by the defendants. We find *Pearson* inapposite. The interpretation of *Pearson* urged by the defendants is that all contracts that so much as contain a confession of judgment or cognovit clause are void in their entirety, without regard to whether any attempt has been made to employ or enforce the illegal clause in the particular case.

In *Pearson* a judgment had been entered in Illinois on a defaulted note without service of process pursuant to the provisions of a cognovit clause. The question was whether such judgment was enforceable in Florida. An immediate and obvious distinction exists between these facts in *Pearson* and those in the instant case, and that is that in the instant case no judgment has been obtained or attempted to be obtained pursuant to the cognovit clause.

The Florida court held that the Illinois judgment was unenforceable in Florida and in so doing stated: "[t]he Florida Statute, quoted in footnote No. 1 [F.S. 55.05], expressly provides that *such contracts for confession of judgment* 'made or to be made by any person whatsoever within this state' shall be void. * * This pronouncement *is more than a prohibition of the use of a procedural device; it concerns the validity of the contracts themselves.*" (Emphasis added). 112 So.2d at 895. The emphasized portions above are those relied upon by defendants as establishing that all contracts with the prohibited cognovit clause are invalid.

■ We read the quoted portion of *Pearson* differently. In the first instance, judgment was obtained by the use of the cognovit clause in *Pearson*, and no such reliance was made in the instant case. The references of the Florida court to "contracts" does not mean all contracts *with* the prohibited clause; rather, what is actually stated is that all contracts *for* confession of judgment are void. The use of "contracts" in the next to the last word of the quotation refers back to "contracts *for* confession of judgment." (Emphasis added). The *entire* contract would be invalidated, as urged by the appellant, only if judgment had been obtained pursuant to the confession of judgment clause.

Applying *Pearson* to the present facts we hold that the cognovit clause is void but severable so long as judgment has not been sought or obtained by virtue of it.

## II.

■ A guaranty is "a promise to answer for the debt, default, or miscarriage of another". 30 Fla.Jur., Suretyship and Guaranty, Section 2. The ultimate effect of holding that the notes are conditional guaranties is to require that the creditor (Brunswick) make a diligent effort to collect from Sky Bowl and Congress before it can resort to the guarantors. See generally, Scott v. City of Tampa, 158 Fla. 712, 30 So.2d 300, cert. den. 332 U.S. 790, 68 S.Ct. 99, 92 L. Ed. 372; 38 C.J.S. Guaranty §§ 61, 84 et seq. On the other hand, if the notes are third party beneficiary contracts the liability of the makers of the notes is primary, rather than secondary or collateral.

■ A motion for summary judgment under Rule 56, F.R.Civ.P. may be granted only if it appears from the pleadings, depositions, admissions and affidavits, considered in the light most favorable to the opposing party, that there is no genuine issue as to any material fact for trial and that the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting System, 1962, 368 U.S. 654, 82 S.Ct. 486, 7 L.Ed.2d 458; Brunswick Corporation v. Vineberg, 5 Cir. 1967, 370 F.2d 605.

■ With this test in mind, we turn to the notes in question.[4] Vineberg and

---

4. See n. 1, supra.

DeMet emphasize the portions of the notes indicating that the notes were given

> "not as payment on said contract but as *additional security* for the payment of October, November and December installments which would otherwise be due on said contract, but which have been postponed to February 15, 1964. Payment on this note or any part thereof shall be deemed to be also payment on said contract. Correspondingly, the payment by SKY BOWL, INC., on February 15, 1964 of all amounts then due on said contract, as now extended, shall satisfy the indebtedness of the undersigned on this note." (Emphasis added)

The appellants argue that what is meant by "additional security" is that Brunswick would look first to the value of the pinsetters, then to them as guarantors for the balance only.

Brunswick urges that the first paragraph of the notes clearly expresses the intent of the parties that Vineberg and DeMet independently promised to pay the stated amounts with no qualifying limitation that Brunswick would look first to the corporations with the pinsetters as primary security for payments on the contract.

To the court below the notes were clear and unambiguous and it declined to admit parol evidence offered by the defendants to explain what they classified as a "latently ambiguous contract". The parol evidence offered by the defendants was their own affidavits stating that at the time of the execution of the notes they had been assured by a Mr. J. J. Ryan, Field Collection Manager of Brunswick, that their

> "liability under the notes would only arise if and when CONGRESS and SKY BOWL failed to make their payments on the contracts on the extended due date. We were further assured by him that the pinsetters themselves would continue to be the primary collateral, as security, for the payments on the contracts and that the

notes would only be used as 'additional security' for payments on the contract."

As previously stated, the trial court excluded the preceding affidavit as being within the parol evidence rule.

■ This court has recognized and applied the Florida parol evidence rule in the following form:

> "The so-called 'parol evidence rule' forbids any addition to or contradiction of the terms of a written instrument by testimony purporting to show that, at or before the signing of the document, further or different terms were orally agreed upon by the parties; provided, always, that the written instrument appears on its face to express an agreement complete in all essential terms. This is not a mere rule of evidence. It is a rule of substantive law." Jones, Commentaries on Evidence, Vol. 3, p. 2695, § 1482. Ramey v. Koons, 5 Cir. 1956, 230 F. 2d 802, at 804.

To give effect to the affidavits of the defendants with reference to the alleged oral representations of Mr. Ryan, we must be able to say either that the notes are ambiguous or that fraud or deception was practiced by Brunswick. Gulf Theatres v. Guardian Life Ins. Co., 157 Fla. 428, 26 So.2d 188 (1946); Pentland v. Pentland, Fla.App.1959, 113 So. 2d 872. The appellants have never alleged that Brunswick deceived or attempted to mislead them at the time of the execution of the notes. Therefore, the sole question is whether the notes are ambiguous with reference to their being classified as guaranties.

■ The Florida courts have recognized that if the writing or contract in question is susceptible of either of the divergent meanings contended for by the parties it presents a latent ambiguity. Atlantic & Gulf Properties, Inc. v. Palmer, Fla.App.1959, 109 So.2d 768, 771. Once the existence of a latent ambiguity is established " * * * parol evidence, including declarations and statements of intention by the parties, is allowable to

resolve [the] ambiguity." Atlantic & Gulf Properties, Inc., supra, citing Whitfield v. Webb, 100 Fla. 1619, 131 So. 786; Friedman v. Virginia Metal Products Corp., Fla.1952, 56 So.2d 515, 33 A.L.R. 2d 956. The law of Illinois is to the same effect: Rich v. Clayton Mark & Company, 8 Cir. 1957, 250 F.2d 622; Washington Boulevard Hospital v. Levin, 317 Ill.App. 150, 45 N.E.2d 573; Scovill Mfg. Co. v. Cassidy, 275 Ill. 462, 114 N.E. 181.

In Friedman v. Virginia Metal Products Corp., supra, the Florida Supreme Court decided that the word "ambiguous" when used in reference to a word or phrase in a contract, means that such word or phrase is "of uncertain meaning, and may be fairly understood in more ways than one * * *", Dorsey v. Clements, 202 Ga. 820, 44 S.E.2d 783, 173 A.L.R. 509; "susceptible of more than one meaning * * *", Ray v. Mutual Benefit Health & Acc. Assn., Mo. App., 220 S.W.2d 622, 626; and "susceptible of interpretation in opposite ways." J. E. Blank, Inc. v. Lennox Land Co., 351 Mo. 932, 174 S.W.2d 862, 868.

The first two paragraphs of the notes contain language subject to antagonistic interpretation. In the last portion of the first paragraph Vineberg and DeMet, unconditionally "promise, jointly and severally, to pay to BRUNSWICK CORPORATION" the stated amounts.

Conversely, the entire second paragraph[5] tends to negate the positive, unconditional language found in the first paragraph, lending support to the argument of appellants that theirs was the liability of a guarantor.

On the precise interpretative question involved, neither the research of the parties nor that of the court has revealed much authority. Two cases are strongly urged as controlling: Cobb v. Vaughan & Co., Bankers, 141 Va. 100, 126 S.E. 77, 43 A.L.R. 177 (1925), and Schumann v. Fidelity Union Trust Co., 127 N.J.Eq. 249, 12 A.2d 724 (1940).

The precise issue presented in Cobb is identical to that before us in the instant case, i. e. whether the bond (note) was a definite, unconditional promise on which the signers were liable, rather than a contract of guaranty on which they were only secondarily liable. The bond executed by the defendants in Cobb contained the initial language of an unconditional promise to pay, much the same as the first paragraph of the notes signed by Vineberg and DeMet.

The second paragraph of the bond in Cobb stated that the bond was to be considered as "collateral security" for the principal obligation. Up to this point, the notes in the instant case and the bond in Cobb are greatly similar. However, the bond in Cobb does not contain any language to the effect that payment on either the note or principal obligation is to be considered as satisfaction of the other. Aside from this additional language, the language in the Cobb opinion that is fatal to the comparison urged by Brunswick is that the court recites throughout the opinion that evidence was heard pertaining to the conditions surrounding the signing of the bond; that the defendants failed to testify as to their intention in signing the bond; and that the positive testimony of the plaintiff as to the "purpose and execution of the bond" was a relevant consideration. All of which is parol evidence, presumably received in order to clarify the latent ambiguity present on the face of the bond.

The only other case close on its facts and the terms of the bond is Schumann et al. v. Fidelity Union Trust Co., et al., supra. In Schumann the court confined its analysis of the bond to the instrument itself, contrary to the procedure followed in Cobb. The issue in Schumann was identical to that in Cobb and in the instant case: whether the bond or note in question was a collateral or secondary obligation as opposed to being primary and independent. The court eventually concluded that the bond was

---

5. See n. 1, supra.

the latter, as did the court in *Cobb*, but reached its decision without apparent resort to parol evidence.

The terms of the bond in *Schumann* are virtually identical in all material respects to those of the notes in the instant case. The court stated that wording of the bond "is in the form usually followed in manifesting a direct and independent obligation." 12 A.2d at 726. The court also thought it significant that the instrument provided for a sum certain due on a definite date, as do the notes in the instant case.

The bond in *Schumann* also contained a clause similar to the notes in the present case providing that payments on the original obligation (conditional sales contract) are to be credited as payment on the notes, and vice versa. The *Schumann* court rejected the suggested construction that such language was intended to make the appellants' obligation secondary. The significant portions of the bond as far as the court was concerned were those reciting the amount to be paid, the date to be paid, and the fact that new consideration was given in the form of an extension of time.

Although the courts in *Cobb* and *Schumann* both eventually concluded that the instruments in question constituted original, primary expressions of liability, their divergent means of reaching the result causes us grave doubt as to the correct procedure. In *Cobb* the court freely consulted parol evidence to ascertain the proper interpretation. In *Schumann* the analysis was restricted to what appeared within the four corners of the document itself.

 From the sparse authority available, we are unable to conclude, as did the district court, that the notes in question are not latently ambiguous. Under either the Florida or Illinois interpretation of the parol evidence rule we think the notes are susceptible of more than one reasonable interpretation. Therefore, the judgment of the district court is reversed and remanded with directions to admit the affidavits of the defendants and such other relevant evidence as may be appropriate to properly interpret the notes. Upon admission of the affidavits a genuine issue of material fact will be raised, precluding summary judgment. Consideration may have to be given issues (4) and (5), not considered originally.

We, of course, do not preclude the possibility that at the close of the trial, after all the evidence is in, the district court may conclude that a verdict must be directed for the plaintiff. Robbins v. Milner Enterprises, Inc., 5 Cir. 1960, 278 F.2d 492, 496–497; Harvey v. Great A. & P. Tea Co., Inc., 5 Cir. 1968, 388 F.2d 123 (1968). All we now decide is that on the basis of the record before us genuine issues of fact exist which preclude summary judgment.

Reversed and remanded.