Robley D. **EVANS** and Elmer **Robinson,** Appellants,

v.

**McDONNELL AIRCRAFT CORPORATION,** Appellee.

No. 18990.

United States Court of Appeals Eighth Circuit.

June 7, 1968.

Robert H. Rines of Rines & Rines, Boston, Mass., for appellants; David Rines, Boston, Mass., and Harold C. Gaebe, Jr., and James L. Nouss of Thompson, Walther & Shewmaker, St. Louis, Mo., on the brief.

William G. Bruns of Gravely, Lieder & Woodruff, St. Louis, Mo., for appellee; Joseph J. Gravely, St. Louis, Mo., on the brief.

Before MATTHES, MEHAFFY and LAY, Circuit Judges.

PER CURIAM.

Appellants, plaintiffs below, appeal from an order of the District Court granting appellee's motion to dismiss under Rule 12(b) (6), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted.

Appellants brought suit against the McDonnell Aircraft Corporation (McDonnell) under 35 U.S.C. § 271 for infringement of patent No. 2,378,328 during the period November 23, 1960 to June 12, 1962. Appellants' patent involves the use of certain radioactive isotopes to identify and distinguish certain products from similar products of other manufacturers. The insertion of radioactive materials into these products imparts a harmless amount of radioactivity to them which is easily detectable by means of a Geiger counter.

The complaint alleged that McDonnell infringed this patent by manufacturing and using, without license, various types of apparatus employing the principle of appellants' patent.[1]

---

1. Specifically, the complaint alleged infringement by defendant's manufacture and use of bucking bars, ejection-apparatus safety pins and other unknown apparatus. "Bucking bars" are devices used in certain riveting operations which are often placed in inaccessible areas of the planes. An inadvertent failure to remove these bars may cause serious damage during flight.

McDonnell responded to the complaint by filing a motion to dismiss, accompanied by supporting affidavits, under Rule 12(b) (6) for failure to state a claim for relief. The affidavits, filed by McDonnell's officers and engineers, stated in substance:

(1) That all aircraft manufactured during the relevant period were non-commercial aircraft manufactured exclusively for the United States Government;

(2) That McDonnell utilized "bucking bars" containing radioactive materials solely in aircraft manufactured for the United States Government;

(3) That all contracts under which McDonnell manufactured aircraft for the United States contain "authorization and consent" clauses.[2]

Appellants opposed McDonnell's motion to dismiss by way of a counter affidavit of their attorney, Robert H. Rines. Attached to this affidavit as exhibits were copies of pages from McDonnell's annual reports for the years 1959, 1960 and 1962, respectively, which indicated that defendant had manufactured a prototype civilian airplane, designated as Model "220."

McDonnell then filed supplemental affidavits indicating that the only use of radioactive materials between November 23, 1960 and June 12, 1962 was in bucking bars, and that a single model 220 civilian aircraft was manufactured and completed prior to the relevant damage period.

Despite its consideration of the accompanying affidavits, the District Court nonetheless proceeded to decide the case on written briefs as if it were a motion to dismiss the complaint under Rule 12 (b) (6). The Court, in granting the motion to dismiss, concluded that if McDonnell's use of radioactive materials in bucking bars infringed appellants' patent, the latters' sole and exclusive remedy was a suit against the United States in the Court of Claims under 28 U.S.C. § 1498, and therefore the Court was without jurisdiction to hear appellants' complaint. *Evans v. McDonnell Aircraft Corporation,* 270 F.Supp. 778, 780–781 (E.D.Mo.1967).

In dismissing the complaint the District Court purported to act on the basis of a Rule 12(b) (6) motion to dismiss. That Rule explicitly provides, however, that if the Court in ruling on the motion takes into consideration matters outside the pleadings, it must treat the motion as one for summary judgment under Rule 56.[3]

Since both parties filed affidavits and exhibits in support of their respective positions, which were not excluded by the District Court, the motion to dismiss should properly have been treated as one for summary judgment. *Costen v. Pauline's Sportswear, Inc.,* 391 F.2d 81, 85 (9th Cir. 1968); Central

2. McDonnell's position was that appellants' sole and exclusive remedy was by suit against the United States in the Court of Claims under 28 U.S.C. § 1498, which provides in pertinent part:

"(a) Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

"For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States."

3. Rule 12(b) provides:

"If, on a motion asserting the defense number (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Contracting Co. v. Maryland Casualty Co., 367 F.2d 341, 343 (3rd Cir. 1966); Smith v. United States, 362 F.2d 366, 367–368 (9th Cir. 1966).

■ Considering the motion therefore as one for summary judgment the crucial question is whether this case presents a genuine issue as to some material fact. Unless the pleadings and supporting documents disclose beyond any doubt the absence of a genuine issue of fact, summary judgment should not be entered. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Vineberg v. Brunswick Corporation, 391 F.2d 184, 187 (5th Cir. 1968); Williams v. Chick, 373 F.2d 330, 331–332 (8th Cir. 1967); Kennedy v. Bennett, 261 F.2d 20, 22 (8th Cir. 1958); Booth v. Barber Transportation Co., 256 F.2d 927, 928 (8th Cir. 1958).

■■ From our examination the record reveals a material issue of fact as to whether McDonnell's manufacturing operations were exclusively oriented to the United States Government. Appellants, by way of counter affidavit and accompanying exhibits, directly controverted McDonnell's assertion that only non-commercial Government aircraft were manufactured during the period of alleged infringement. We have consistently held that genuine issues of material fact cannot be determined on the basis of affidavits. Booth v. Barber Transportation Co., supra; Ford v. Luria Steel & Trading Corp., 192 F.2d 880, 882 (8th Cir. 1951).

We are mindful of McDonnell's contention that during the period in issue its production of aircraft was solely for the United States Government under contracts containing "authorization and consent" clauses, which have the effect of relegating appellants to an action against the United States in the Court of Claims. As noted, appellants' documentary evidence refutes the assertion that aircraft were manufactured "solely" for the Government. Additionally, they submit that the complete Government contracts were not before the District Court; that the documents filed were only fragmentary portions of certain contracts and consequently the District Court could not advisedly determine whether specific authorization and consent for the use of appellants' patent was given or intended in the contracts. Upon remand this and other facets of the case can be fully developed by appropriate proceedings.

The judgment of dismissal is vacated and the case is remanded for further proceedings.