## Wytheville.

PIEDMONT GUANO & MANUF'G CO. V. MORRIS AND ALS.

### JUNE 19th, 1890.

1. GUARANTY—*Case at bar.*—The contract in this case sued on is one of guaranty, and not of suretyship.

2. IDEM—*Instructions.*—At the trial of the suit on said contract there was given the instruction following: "If the jury believe from the evidence that the plaintiff took possession of the fertilizer notes on which this action is brought, before they became due, and never returned them to the defendants to collect them, and that while in the possession of the plaintiffs, the notes could have been collected by due diligence, then plaintiff cannot recover as to any notes which were solvent and could have been collected by them by the use of due diligence." *Held,* the instruction correctly states the law of the case.

3. GUARANTY—*Suretyship.*—Guaranty is distinguished from suretyship in being a secondary, while the latter is a primary obligation.

Argued at Richmond. Decided at Wytheville.

Error to judgment of circuit court of Henry county rendered at its October term, 1888, in an action of covenant, wherein the plaintiff in error, the Piedmont Guano and Manufacturing company was plaintiff and Morris and others were the defendants. Opinion states the case.

*Wm. M. Peyton,* and *H. G. Mullen,* for the plaintiff in error.

*Anderson & Staples,* and *John G. Carter,* for the defendants in error.

Lacy J., delivered the opinion of the court.

The plaintiff in error, the Piedmont Guano and Manufacturing company, a corporation domiciled in the state of Maryland, by its authorized agents, made a contract with the defendants in error, in the county of Henry, state of Virginia, on the 31st day of March, 1885, by which the defendants in error were appointed their agents to sell the goods of the said the Piedmont Guano and Manufacturing company to the farmers in that vicinity in the said county of Henry, for cash or on credit.

This agreement contained the following provision: "You (the defendants in error) are to sell to good and trustworthy buyers only; you are to guarantee payment in full for all goods sold or otherwise disposed of by you, and to render a statement with proceeds of cash sales and buyers' notes for time sales to us when requested; you are authorized to sell to good buyers on a credit of not more than twelve months from April 1st, 1885; you are to take farmers' notes on forms furnished to you by us. All sales are to be closed up on or before August 1st, 1885"; and also the following: "Should any of the buyers fail to pay their notes at maturity, you are, if requested, to proceed to collect them without delay for our account, and remit proceeds to us as collected." The contract provided for a compensation to be paid, after all sales had been accounted for by the payment of the purchase price in full, and also the following provision: "All time sales to be closed up by your (the defendants in error's) notes, with buyers' notes as collateral."

Under this agreement a certain quantity of the fertilizers was shipped to the defendants in error by the plaintiff in error and sold by them on a credit, for which buyers' notes, farmers' notes, on forms furnished by the plaintiffs in error, were taken, and the sales accounted for by the surrender of these to the plaintiff in error's company or to its agents. There were no notes given, and none executed by the plaintiff in

error by which the defendants in error were made pecuniarily liable for these sales; but there was appended an agreement by which the farmer agreed to send his tobacco, when ready for market, to the plaintiff in error, or so much as was needed to pay the purchase price of the guano, and a lien was given on the crops to secure the payment of this; and whatever time had been given on the note of the farmer, if at any time the farmer should, on disposing of the crops on which a lien was thereby created, without leave or without paying the debt to become due to the company, the same should immediately become due and collectable, and the company would proceed to enforce the collection of the same, without waiting for the due day to arrive.

These notes were retained by the company under its control, and the defendants in error not requested to collect them until the other agencies which had been employed to collect them having failed, in 1888. Suit was instituted against the defendants in error, as the guarantors thereof, in May, 1888. The suit was defended upon the ground that the plaintiff has held the crop-lien notes until they had perished; that they were all good, and could have been collected by the defendants in error if they had been requested to do so; that by this contract the said defendants in error could not collect these until they were authorized to do so by the company; that the farmers came to pay, and the defendants in error did not have the notes, and could not collect; and that after the tobacco had been all sold and the money for it used, and this important security, which was the protection of the guarantors as well as for the security of the creditor, had been wasted by the improvidence and non-action of the creditor; and that, in justice, he should bear the loss which had been caused by his *laches* and neglect alone.

The case was tried by a jury, which the court instructed as follows, on the law of the case:

"The court instructs the jury that if they believe from the

evidence that the plaintiffs took possession of the fertilizer notes on which this action is brought, before they became due, and never returned them to the defendants, or directed the defendants to take possession of and collect them, and that, while in the possession of said plaintiffs, they could have been collected, by due diligence, and that such diligence was not used by the plaintiff, then the plaintiff cannot recover as to any notes which were solvent and could have been collected by them by the use of due diligence"; and rejected the instructions asked for by the plaintiff in error, to the effect: (1) That there was no duty of diligence upon the creditor until the guarantor gave notice in writing to sue; (2) that the creditor was not bound to go into equity and exhaust all remedies before looking to guarantors; and (3) that the creditor had a right of action against the guarantors before bringing any suit against the principals. And the jury rendered a verdict in favor of the defendants, and the court overruled the motion of the plaintiffs to set aside the verdict, and rendered judgment in accordance therewith, and the plaintiff, having duly excepted, applied for and obtained a writ of error to this court.

We think there is no error in the judgment complained of.

The plaintiff in error might have exacted the personal notes of their salesmen, if they had done so within a reasonable time; but this they have never done, and have brought their suit upon the guaranty, and this provision they must be held to have waived.

The principle announced in the court's instruction is correct. Guaranty is distinguished from suretyship in being a secondary, while the latter is a primary obligation.

The contract of the guarantor is his own separate undertaking, in which the principal does not join. The guarantor contracts to pay, if, by the use of due diligence, the debt cannot be made out of the principal debtor, while the surety undertakes directly for the payment, and so is responsible at once

if the principal debtor makes default; or, in other words, guaranty is an undertaking that the debtor shall pay; suretyship, that the debt shall be paid.

A guarantor is often discharged by the indulgence of the creditor to the principal, and is usually not responsible unless notified of the default of the principal. A surety, on the other hand, is an original promiser and debtor, and is held ordinarily to know every default of his principal. A surety, by his contract, undertakes to pay if the debtor do not; the guarantor undertakes to pay if the debtor cannot. The one is insurer of the debt; the other an insurer of the solvency of the debtor.

From the nature of the former, the undertaking is immediate that the act shall be done, which, if not done, makes the surety responsible at once; but from the nature of the latter, non-ability (in other words, insolvency) must be shown. Amer. & Eng. Encyclo. of Law, vol. 9, p. 68, and authorities cited.

The undertaking here is one of guaranty, and the suit is upon such an undertaking; and from what has been said, the court's instruction appears to be clearly right.

Upon the questions arising upon the evidence as to what the facts are, the jury, the proper tribunal to pass upon the matter, has rendered its verdict—which can be reviewed here only as upon a demurrer to evidence; and when the plaintiff in error has been required to admit the evidence of the defendants in error, and all just inferences flowing therefrom, and has waived all of his own evidence in conflict therewith, we can see no ground upon which we could disturb the verdict in this case, which appears to be plainly right.

We are of opinion to affirm the judgment complained of and appealed from here.

JUDGMENT AFFIRMED.