UNITED LEASING CORPORATION, Plaintiff v. JOHN G. PLUMIDES, JOHN G. PLUMIDES, II and MARY L. PLUMIDES, Defendants

No. COA99-914

(Filed 5 July 2000)

**Jurisdiction— forum selection clause—sureties—Virginia law**

The trial court properly denied defendants' notice of defenses to entry of a foreign judgment arising from an equipment lease where the document signed by defendants was titled "Guaranty,"

---

but the content reveals that defendants were directly responsible to plaintiff as soon as the principal debtor defaulted and, as sureties, were bound to the agreement entered into by the principal debtor and the forum selection clause it contained. Defendants failed to establish that the forum selection clause was unfair, unreasonable, or affected by fraud or unequal bargaining power.

Appeal by defendants from an order entered 22 February 1999 by Judge Loto Greenlee Caviness in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 May 2000.

*Cansler, Lockhart, Campbell, Evans, Bryant & Garlitz, P.A., by Thomas D. Garlitz, for plaintiff-appellee.*

*Daniel J. Clifton for defendants-appellants.*

WALKER, Judge.

Plaintiff, a Virginia corporation, entered into an equipment lease agreement (agreement) with Caffe' Milan, Inc., a North Carolina corporation. Defendant John G. Plumides, II signed the agreement on 24 October 1994. The agreement provides:

This Lease shall be interpreted and construed according to the laws of the Commonwealth of Virginia. This Lease is being consummated in Hanover County, Virginia. Lessee agrees that any action brought in law or equity arising from this lease in any fashion may be commenced and maintained in any of the following courts: the General District Court or Circuit Court for either Hanover County, Virginia, or the City of Richmond, Virginia or the United States District Court for the Eastern District of Virginia.

On that same day, defendants John G. Plumides, II and John G. Plumides signed a guaranty of the agreement on behalf of Caffe' Milan, Inc. Mary L. Plumides also signed a guaranty on behalf of Caffe' Milan, Inc. on 7 November 1994.

On or about 30 July 1997, plaintiff brought an action in Hanover County, Virginia, against defendants Plumides, alleging that Caffe' Milan, Inc. is "in default for nonpayment of the foregoing monthly payments." After serving defendants with a motion for default judgment, plaintiff obtained a judgment on 19 November 1997 against defendants, jointly and severally, in the amount of $45,916.87, plus

late charges of $2,246.27, a purchase residual of $7,019.31, attorney fees of $11,036.39, and interest thereon at the rate of 9% per annum from the date of judgment.

On 17 February 1998, plaintiff filed a notice of registration of foreign judgment and supporting affidavit with the Mecklenburg County Superior Court. On 1 June 1998, defendants filed a notice of defenses to entry of foreign judgment pursuant to N.C. Gen. Stat. § 1C-1705, in which they alleged that the Virginia Court lacked personal jurisdiction over them. Plaintiff then filed a motion for entry of foreign judgment on 18 November 1998, alleging that "[p]ursuant to N.C. Gen. Stat. § 1C-1805, the State of Virginia has proper jurisdiction over the Defendants, as is evidenced by Paragraph 19 of the Equipment Lease Agreement executed by the Defendants." After a hearing, the trial court denied defendants' notice of defenses to entry of foreign judgment and allowed plaintiff's motion for entry of foreign judgment, giving the foreign judgment from Virginia full faith and credit.

"Since the validity and effect of a judgment of another state must be determined by reference to the laws of the state wherein the judgement was rendered," it is necessary for us to examine the laws of Virginia. *See Marketing Systems v. Realty Co.*, 277 N.C. 230, 234, 176 S.E.2d 775, 777 (1970).

Defendants contend that the trial court erred in denying their notice of defenses to entry of foreign judgment since the Virginia courts did not have personal jurisdiction over them. Defendants argue that they are not bound by the forum selection clause in the agreement since plaintiff's contract was with Caffe' Milan, Inc. and defendant John G. Plumides, II signed the agreement only in his official capacity as president of the corporation. Defendants further argue that by signing the guaranty, they did not agree to submit to the jurisdiction of the Virginia courts since it did not contain a forum selection clause. However, plaintiff contends that defendants, by unconditionally guaranteeing performance of the agreement, became sureties under Virginia law, subject to the forum selection clause in the agreement.

"A contract of suretyship is distinguishable from a guaranty in that it generally binds the surety to the instrument of his principal." *Klockner-Pentaplast of America, Inc. v. Roth Display Corp.*, 860 F.Supp. 1119, 1121 (W.D. Va. 1994). The Virginia Supreme Court has recognized:

Whether the contract is that of suretyship or guaranty does not depend upon the use of particular or technical words, such as 'security,' 'surety,' 'guaranty' or 'guarantee.' The nature of the obligation, whether primary or secondary, is the determining element. If the obligation is direct and primary, the contract will be that of suretyship, and not of guaranty, although the word 'guaranty' or 'guarantee' is employed.

*The B.F. Goodrich Rubber Company, Inc. v. Fisch*, 141 Va. 261, 267, 127 S.E.2d 187, 188 (1925). "The guarantor contracts to pay, if, by the use of due diligence, the debt cannot be made out of the principal debtor, while the surety undertakes directly for the payment, and so is responsible at once if the principal debtor makes default." *The Phoenix Insurance Company v. Lester Brothers, Inc.*, 203 Va. 802, 807, 127 S.E.2d 432, 436 (1962), *citing Piedmont Guano & Mfg. Co. v. Morris*, 86 Va. 941, 11 S.E. 883 (1890). "[I]n other words, guaranty is an undertaking that the debtor shall pay; suretyship, that the debt shall be paid." *Id.*

The guaranty signed by defendants in the case at bar provides:

For valuable consideration, the receipt of which is hereby acknowledged, the Undersigned jointly and severally unconditionally guarantee to you the full and prompt performance by the Lessee: Caffe' Milan, Inc. . . . .

The guaranty also states that "all sums owing to you by Obligor shall be deemed to have become immediately due and payable if" the Obligor defaults or files a petition for bankruptcy and that the "Undersigned shall reimburse you, on demand, for all expenses incurred by you in the enforcement or attempted enforcement of any of your rights hereunder. . . ." Further, the guaranty provides that "[n]otice of your acceptance hereof, of default and non-payment by Obligor . . ., of presentment, protest and demand, and of all other matters of which Undersigned otherwise might be entitled, is waived." "Legal rights and obligation hereunder shall be determined in accordance with the law of the Commonwealth of Virginia."

Although the document signed by defendants is titled "Guaranty," the content of the document reveals that defendants were directly responsible to plaintiff as soon as the principal debtor, Caffe' Milan, Inc. defaulted on its obligations under the agreement. As sureties, defendants were bound to the agreement entered into by plaintiff and Caffe' Milan, Inc. and the forum selection clause it contained. *See*

LITTLE v. BARSON FIN. SERVS. CORP.

[138 N.C. App. 700 (2000)]

*Klockner-Pentaplast of America, Inc.*, 860 F.Supp. 1119, 1121 (W.D. Va. 1994). Since defendants have failed to establish that the forum selection clause is unfair, unreasonable, or affected by fraud or unequal bargaining power, this provision of the agreement is valid and should be enforced. *See Paul Business Systems, Inc. v. Canon U.S.A., Inc.*, 240 Va. 337, 397 S.E.2d 804 (1990). Thus, the trial court properly denied defendants' notice of defenses to entry of foreign judgment and allowed plaintiff's motion for entry of foreign judgment, giving the foreign judgment from Virginia full faith and credit.

Affirmed.

Judges McGEE and HUNTER concur.